Michele Wincek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Richard J. Orloski,* of *Stamberg, Caplan & Calnan,* for petitioner.

*Edward Carey,* with him *Michael D. Klein, Richard Wagner,* Assistant Attorneys General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 27, 1980:

This is an appeal by Michele Wincek (Claimant) from an order of the Unemployment Compensation Board of Review denying her benefits for the period from the week ending June 10, 1978 through the week ending July 22, 1978. The Board affirmed the Referee's determination that the claimant was not available for work during that period because of her pregnancy, and therefore was not eligible for benefits by force of Section 401(d) of the Unemployment Compensation Law.[1]

The claimant worked as a cashier-waitress at a Burger King restaurant until June 2, 1978, at which time she was seven months pregnant. The claimant testified that on that date she gave her employer a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

note from her doctor stating that she could continue to work if she could be off her feet. The employer had no such position available; and as a result, the claimant commenced a pregnancy leave of absence, scheduled to last until September 1978. The claimant's child was born on August 10, 1978.

The claimant was the only source of testimony in this case. She stated that she could have worked sitting down and that she was able to perform such work during the claim weeks from June 10, 1978 through July 22, 1978. Despite the claimant's uncontradicted testimony the Referee found, and the Board affirmed, (1) that the claimant was unable to continue working because she was medically advised to have a job that kept her off her feet and (2) that she became unemployed because she was *placed* on a pregnancy leave of absence. Based on these findings, it was determined that the claimant was unavailable for work and therefore ineligible for benefits under the Law.

This Court has held that it may not be presumed as a matter of law that a person on a leave of absence from his previous job is unavailable for work. *Tokar v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978). It follows, as we have also held, that a woman may not be presumed unavailable for work simply because she was placed on a pregnancy leave of absence. *Defeo v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 161, 392 A.2d 337 (1978).

It is also well established that a person may impose conditions as to employment and still be "available" within the meaning of Section 401(d). The test is whether the claimant is available to do *some* work and whether a reasonable opportunity for such work exists. *Tokar v. Unemployment Compensation Board of Review, supra*. Accordingly, when the Board concluded that the instant claimant was unavailable for work

simply because she required a sitting-down job and had been placed on a pregnancy leave of absence, that conclusion was contrary to law. It must also be noted that the finding of unavailability ignores the claimant's uncontradicted direct testimony that she was available for work during the weeks in question.

In leave-of-absence cases the Board must determine whether the claimant took the leave voluntarily or involuntarily. *Tokar v. Unemployment Compensation Board of Review, supra.* If the leave was voluntary the claimant is ineligible for benefits. However, if the leave was involuntary and the claimant was available for work, then the claimant remains eligible for benefits under Section 401(d). *Id.*

In this case, neither the Referee nor the Board made any finding whatsoever as to whether the claimant's leave of absence was voluntary or involuntary. We cannot tell from the record whether she requested the leave or whether it was imposed by the employer. The Board's findings of fact must include all findings which are necessary to resolve the issues raised by the evidence and which are relevant to a decision. And this Court cannot infer from the absence of a finding on a given point that it was resolved in favor of the party who prevailed below. *E.g., Kostek v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 271, 392 A.2d 909 (1978).

In the *Tokar* and *Defeo* cases, *supra,* we were able to avoid remanding despite the lack of a finding as to the voluntariness of the leave; and that was because there was direct, uncontradicted testimony from those claimants that they never requested leave. But in the case at bar not only is there no finding on the point, there is no evidence on it, either. Accordingly, we must remand this case to the Board to determine whether the claimant's leave of absence was voluntary or involuntary; and, if necessary, to determine wheth-

er there existed an opportunity for other work within the claimant's limitations, and the time when the claimant became so advanced in pregnancy as to be unavailable for any work.

ORDER

AND Now, the 27th day of March, 1980, the above-captioned case is remanded to the Unemployment Compensation Board of Review for further proceedings consistent with this opinion.

President Judge BOWMAN did not participate in the decision in this case.