Jonathan M. Grad, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Robert M. Davison, Miller and Davison,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 20, 1982:

In this unemployment compensation appeal, the claimant questions a denial of compensation by the Unemployment Compensation Board of Review, which affirmed a referee's decision denying benefits to the claimant on the basis that the claimant was not able to work or available for suitable work.[1]

Jonathan Grad, employed by Country Miss, Inc. as an assistant controller for five months until October 26, 1979, apparently requested and received a thirty-day leave of absence[2] because of "pressing personal reasons." The claimant testified that he was urged by his employer to take the leave of absence or face termination for unsatisfactory work habits.[3] The claimant's supervisor corroborated that testimony,

---

[1] Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). Section 401(d) provides in pertinent part:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(d) Is able to work and available for suitable work.

. . .

[2] As required by the company handbook, the claimant requested an extension of his leave at least five days before it expired; the employer granted a thirty-day extension on November 21, 1979, a second extension on December 28 for a period of sixty days and a third extension of indefinite length in Februray 1980.

[3] The record indicates that the claimant had been frequently late for work and had taken excessively long lunches. The claimant's supervisor testified that the claimant had been unable to perform his work satisfactorily during this time.

stating that the suggestion to take a leave of absence to settle the claimant's problems was an alternative to termination so that the claimant could continue receiving medical benefits through the company.

The claimant's supervisor testified that he had offered the claimant an alternative position in the accounting department during a phone conversation in January or February 1980, but that the claimant refused the position.[4] The claimant's testimony verified this statement:

QEL: You requested . . . Februray 19th . . . you requested an additional leave of absence. During that conversation, you, he told you about coming back to work did he not? That there was this position available?

AC: It's very possible that that was the time. Yes.

In leave of absence cases, an initial determination must be made as to the voluntariness of the separation. *Wincek v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 237, 412 A.2d 699 (1980). Despite some language which indicates otherwise, the referee apparently determined that the claimant's leave was involuntary, because he refused to base his decision on Section 402(b)(1) of the Unemployment Compensation Law, the voluntary quit disqualification.[5] The record clearly supports that determination; the employer's ultimatum left the claimant with little discretion in the matter. *See Sweigert v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979).

---

[4] The claimant attempted to testify that the proffered position carried one-half the salary of his former job, but this statement was objected to as hearsay by the board's attorney and excluded, so no proof of the salary amount is in the record.

[5] 43 P.S. §802(b)(1).

In *Wincek* we held that a finding of an involuntary leave necessitates a further inquiry into whether the claimant remains able to work and available for suitable work under Section 401(d).

Here the referee concluded that the claimant's "pressing personal problems" rendered him unavailable for work. Moreover, we believe that the undisputed fact of claimant's refusal of the employer's offer of work in January or February of 1980 is decisive on that issue, even though there may have been a reduction in rank or salary. *Eichman v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 21, 409 A.2d 1389 (1980) (rejection of suitable work because it amounted to a 55% reduction in gross weekly wages rendered the claimant ineligible for benefits).

Accordingly, we affirm the decision of the Unemployment Compensation Board of Review denying benefits to the claimant.

### ORDER

Now, May 20, 1982, the order of the Unemployment Compensation Board of Review, No. B-183706, denying benefits to the claimant, is affirmed.

Judge MENCER did not participate in the decision in this case.