Colleen Schuler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 18, 1984, to President Judge CRUMLISH, JR. and Judge COLINS and Senior Judge BLATT, sitting as a panel of three.

*Solomon Weinstein, Hyatt Legal Services,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 19, 1985:

Schuler appeals an Unemployment Compensation Board of Review order which reversed a referee's decision and denied her benefits on the ground that she voluntarily took a leave of absence. We vacate and remand.

In this appeal, Schuler, a nursing assistant, primarily contends that she is eligible for benefits notwithstanding a six-month pregnancy leave of absence.

The Board correctly concluded that Schuler voluntarily requested and received the leave of absence, a fact not in dispute. However, the Board also concluded that Schuler's voluntary request rendered her ineligible for benefits under Section 401(d)(1) of the

Unemployment Compensation Law.[1] We hold that this conclusion misinterprets the Act.

Although, in leave of absence cases, an initial determination must be made as to the voluntariness of the separation, *Grad v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 558, 445 A.2d 568 (1982) (citing *Wincek v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 237, 412 A.2d 699 (1980)), this determination is now to be made under Section 402(b).[2] "The eligibility for unemployment compensation of applicants who terminate their employment for marital, filial or

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d)(1).

[2] This Court, in *Wincek,* stated that "[i]f the leave was involuntary *and* the claimant was available for work, then the claimant remains eligible for benefits under Section 401(d)." *Id.* at 240, 412 A.2d at 701 (emphasis added). The Board mistook this holding to mean that the voluntariness of the separation must be determined under Section 401(d)(1), which requires that a claimant be "able to work and available for suitable work." However, the *Wincek* Court cited *Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978), which held that the voluntariness of the separation was to be determined under Section 402(b)(2), not Section 401(d). It is only the "finding of an involuntary leave [which] necessitates *a further inquiry* into whether the claimant remains able to work and available for suitable work under Section 401(d)." *Grad,* 66 Pa. Commonwealth Ct. at 561, 445 A.2d at 569 (emphasis added). We hold that the Board erred as a matter of law in concluding that the voluntariness of the separation is determined under Section 401(d)(1).

This Court once held that "[a] leave of absence is ordinarily voluntary in nature, and a claimant who voluntarily leaves work because of 'marital, filial or other domestic circumstances' is ineligible for benefits by virtue of Section 402(b)(2) of the Act, 43 P.S. §802(b)(2)." *Tokar,* 35 Pa. Commonwealth Ct. at 245, 385 A.2d at 636. However, the precise section of the Law to which the Court referred in *Tokar,* Section 402(b)(2)(II), was held unconstitutional in *Wallace v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978). Section 402(b)(2) was repealed in its entirety by the Act of July 10, 1980, P.L. 521.

domestic reasons must be determined under Section 402(b)(1);[3] that is, each claimant must be afforded the opportunity to demonstrate that his termination was for a necessitous and compelling nature." *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 351, 393 A.2d 43, 47 (1978).[4]

We agree with the Board's decision insofar as it found that Schuler voluntarily requested her leave of absence but we must vacate and remand this case for findings[5] as to whether Schuler had necessitous and compelling cause for her separation from employment[6] and, if so, findings as to whether she was able to work and was available for suitable work.[7]

Vacated and remanded.

---

[3] Section 402(b)(1) was renumbered by the Act of July 10, 1980, P.L. 521, and now appears as Section 402(b).

[4] The confusion stems from the *Wincek* court's citation of *Tokar* (approximately one year and a half after *Wallace*), for the proposition that "[i]f the leave was voluntary the claimant is ineligible for benefits." *Wincek*, 50 Pa. Commonwealth Ct. at 240, 412 A.2d at 701. We hold, in light of the prevailing law, that implicit in this statement is the understanding that a claimant is initially inegibile for benefits only if he *voluntarily* left without cause of a necessitous and compelling nature under Section 402(b).

[5] The Board is free to take additional testimony if necessary.

[6] Because Schuler contends that health problems justify her voluntary separation from her employment, she "must (1) introduce competent testimony that at the time of termination adequate health reasons existed to justify termination and (2) inform the employer of health problems." *Southard v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 178, 181, 454 A.2d 661, 662-63 (1983) (citing *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982).

[7] This Court has held that a woman may not be presumed unavailable for work simply because she was placed on a pregnancy leave of absence. *Wincek*, 50 Pa. Commonwealth Ct. at 239, 412 A.2d at 701. "The test is whether the claimant is available to do *some* work and whether a reasonable opportunity for such work exists." *Id.* (emphasis in original). We hold, therefore, that a woman may

## ORDER

The order of the Unemployment Compensation Board of Review, No. B-215895 dated March 14, 1983, is vacated and this case is remanded for findings as to whether Schuler had necessitous and compelling cause for her separation from employment and, if so, findings as to whether she was able to work and available for suitable work.

Jurisdiction relinquished.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

not be presumed unavailable because she voluntarily took a pregnancy leave of absence for cause of a necessitous and compelling nature.