475 So.2d 959 (1985)
BAPTIST MEDICAL CENTER, Appellant,
v.
Loraine F. STOLTE and Unemployment Appeals Commission, Department of Labor and Employment Security, State of Florida, Appellees.
No. BD-431.
District Court of Appeal of Florida, First District.
September 10, 1985.
*960 Eric J. Holshouser of Coffman, Coleman, Henley & Andrews, Jacksonville, for appellant.
Geri Atkinson-Hazelton, Gen. Counsel, Unemployment Appeals Com'n, Dept. of Labor and Employment Sec., and Dorothea P. Scott, Tallahassee, for appellee Unemployment Appeals Com'n.
SHIVERS, Judge.
Baptist Medical Center appeals the award of unemployment compensation benefits to appellee Loraine F. Stolte. We reverse.
Ms. Stolte, a shift nurse, voluntarily left her full-time permanent employment and agreed to become a p.r.n. nurse at Baptist Medical Center for the express purpose of avoiding rotating shifts and weekend duty. In her November 3, 1981, contract with Baptist Medical Center she signified that she was available to work the 7:00 a.m. to 3:00 p.m. shift only, with no weekend work indicated. A p.r.n. nurse is one who works as needed, or as the situation demands. The parties agreed that Stolte could accept or reject assignments without penalty.
Appellee Stolte worked steadily in 1981 and 1982. However, in November 1982, the patient census dropped and the p.r.n. use was minimal. Ms. Stolte worked for another employer on a p.r.n. basis from January 1983 to April 1983. In May 1983 appellee Stolte came back to Baptist Medical Center and worked for awhile.
In late October and November 1983, the patient census at Baptist Medical Center declined and, concomitantly, the need for p.r.n. personnel diminished to the point where there was no employment for Stolte. She was offered 3:00 p.m. to 11:00 p.m. work at one point, which she declined, because she said that her night vision was poor. She also refused pediatric work, which she stated she was not qualified to perform.
In March 1984, she filed an unemployment compensation claim which revealed that in the prior one year base period she had earned approximately $18,000. The record also reflects that by June 21, 1984, Stolte had accepted employment with another employer which required occasional weekend duty.
The appeals referee concluded that as a matter of law the claimant was available for work.
Section 443.091(1)(c)1, Fla. Stat., and Rule 38B-2.19(3)(b), FAC, provide:
443.091 Benefit eligibility conditions. 
(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the division finds that:
... .
(c) 1. He is able to work and is available for work.
Rule 38B-2.19 Able and Available.

... .
(3) A claimant must be able to work and be available for work each day of a customary work week which falls within the week for which a claim is filed. A customary work week shall be deemed to be the customary work week for the industry or occupation in which the individual is seeking employment.
... .
(b) Available for Work. A claimant must be ready and willing to accept suitable employment. A claimant must maintain a continued and current attachment to the labor market without undue restrictions which would prevent him from accepting employment. In determining whether a claimant has met the availability requirement, the Division shall consider the following:
1. Restrictions imposed by the claimant regarding wages, hours, place and type of work. Such restrictions would not be a basis for denying benefits provided they are reasonable and follow logically from a claimant's training, experience, and past work history. Any restrictions should further be considered in light of the economic state of the claimant's labor market area.

*961 ... .
3. Personal responsibilities or circumstances which would limit or restrict an individual from conducting an active work search or from working normal or customary hours.
The referee's conclusion directly conflicts with the holding in North Miami General Hospital, Inc. v. Plaza, 432 So.2d 723 (Fla. 3d DCA 1983). That case, citing Florida Industrial Commission v. Ciarlante, 84 So.2d 1 (Fla. 1955), stated that a person who "works only when she wants to is not `available for work'... ." We are presented with that identical situation here. In both cases claimants worked for hospitals and turned down opportunities for employment. Both claimants were able to accept or reject offers to work without penalty.
We conclude that appellee Stolte was ineligible for unemployment compensation benefits and that the Commission erroneously interpreted the law.
REVERSED.
JOANOS, J., concurs.
ERVIN, J., dissents with opinion.
ERVIN, Judge, dissenting.
The majority considers that the Unemployment Appeals Commission's award of benefits to the employee erroneously interprets the law's requirement that the claimant be able and available for work. I respectfully disagree in that I am confident that the agency's interpretation of the law is within the range of interpretations presented to it by the statute. The majority relies primarily upon North Miami General Hospital, Inc. v. Plaza, 432 So.2d 723 (Fla. 3d DCA 1983) for its conclusion. I do not consider that Plaza correctly takes into account the scope of an agency's authority under the Administrative Procedure Act. Plaza relies upon a substantial number of out-of-state cases holding that an employee who places conditions upon the terms of his employment cannot be considered available for work. The Commission, on the other hand, has cited a correspondingly large number of cases permitting employment benefits, notwithstanding a worker's limitations upon availability. E.g., St. Germain v. Adams, 117 N.H. 659, 377 A.2d 620 (1977); Erie Resistor Corp. v. Unemployment Compensation Board of Review, 172 Pa.Super. 430, 94 A.2d 367 (1953); Wincek v. Commonwealth, Unemployment Compensation Board of Review, 50 Pa. Commw. 237, 412 A.2d 699 (1980); Carson v. Department of Employment Security, 135 Vt. 312, 376 A.2d 355 (1977). Despite the conflicting authority, I do not think it necessary for us to choose those opinions that we consider represent the preferred approach. The agency has made that policy decision, and our review of it should simply be based upon whether the choice selected falls within the range of permissible constructions.
In so saying, I think it important to place in proper perspective the limitations upon our own powers of review over agency action. Although we are authorized to set aside or modify agency action, or remand the case under circumstances in which the agency has erroneously interpreted a provision of the law, Section 120.68(9), Florida Statutes, or remand the case to the agency if we find that its exercise of discretion is outside the range of discretion delegated to it, or otherwise in violation of a constitutional or statutory provision, agency rule or prior agency practice, we are forbidden from substituting our judgment for that of the agency on an issue of discretion. Section 120.68(12), Florida Statutes.
The case at bar represents one of two approaches commonly used to review agency action. On the one hand, we can simply regard, as did the Third District Court of Appeal in Plaza, the action taken by the agency to be an erroneous interpretation of the law, and reverse. On the other hand, we can compare the interpretation placed upon the statute by the agency with those provisions of the statute itself, as well as other provisions of Chapter 443, and the pertinent rules adopted by the agency, in order to determine whether the agency's interpretation falls within the scope of delegated legislative authority. By adopting *962 the latter course, rather than the rule of erroneous interpretation of law, espoused by Plaza, we give proper respect to the powers legislatively entrusted to the Division over the subject of unemployment compensation.
As reflected in the majority's opinion, Section 443.091(1), (c)1, confers upon the Division the decision of whether a claimant is able to work and is available for work so as to be eligible to receive unemployment compensation benefits. The Division is also authorized to adopt rules establishing an unemployed person's availability for work. See section 443.171(2)(a), giving the Division the power and authority generally to adopt "such rules as are necessary for the administration of this chapter." The rules must conform to the legislative declaration of public policy, stated in Section 443.021, Florida Statutes, seeking to dissipate the effect of economic insecurity due to unemployment, for the purpose of "devising appropriate methods for reducing the volume of unemployment ... by the systematic accumulation of funds during the periods of employment from which benefits may be paid for periods of unemployment thus maintaining purchasing power and limiting the serious social consequences of unemployment." Finally, Section 443.031, Florida Statutes, provides that Chapter 443 "shall be liberally construed to accomplish its purpose to promote employment security... ." (emphasis supplied)
Pursuant to the legislatively expressed goals, the Division has in fact adopted rules, specifically Florida Administrative Code Rule 38B-2.19, relating to the establishment of criteria for determining a claimant's ability to work and his availability for work. Subsection (3)(b)1 of the rule authorizes the Division to consider
[r]estrictions imposed by the claimant regarding wages, hours, place and type of work. Such restrictions would not be a basis for denying benefits provided they are reasonable and follow logically from a claimant's training, experience, and past work history. Any restrictions should further be considered in light of the economic state of the claimant's labor market area.
(emphasis supplied) The Division, and its arm, the Commission, thus is explicitly empowered to consider the reasonableness of the restrictions imposed by the claimant, and whether such restrictions proceed "logically from a claimant's training, experience and past work history." Id.
The following particular circumstances established to the Commission's satisfaction that the restrictions were reasonable: First, the parties themselves had entered into an agreement acknowledging the hours and terms of the employee's requested employment, i.e., that she work only the 7:00 a.m. to 3:00 p.m. shift, without weekend work. The agreement was not entirely to the employer's disadvantage. Although the claimant could accept or reject assignments without penalties, the position of P.R.N. did not offer her any fringe benefits. The evidence moreover discloses that the claimant had requested no night duty because of her impaired vision, affecting her ability to drive at night.
In reaching its decision, the Commission considered the claimant's past work history, her customary work week, her health and safety record, and concluded therefrom that her refusal to work during the night shift was for good cause. In fact, it no doubt considered that her requested week-day-duty restrictions were not unreasonable since she had earned in excess of $18,000 during the one-year base period before her unemployment and had accumulated enough available credits for unemployment benefits.
As we have observed on numerous occasions, an agency's interpretation of a statute will be sustained if it is "within the range of permissible interpretations of the statute, and that interpretation has acquired legitimacy through rulemaking processes in which those challenging the rule fully participated or had an opportunity to participate." State, Department of Health and Rehabiliative Services v. Framat Realty, Inc., 407 So.2d 238, 241 (Fla. 1st DCA 1981). See also Natelson v. Department *963 of Insurance, 454 So.2d 31, 32 (Fla. 1st DCA 1984); Department of Administration v. Nelson, 424 So.2d 852 (Fla. 1st DCA 1982); Palm Beach Junior College Board of Trustees v. United Faculty of Palm Beach Junior College, 425 So.2d 133, 136 (Fla. 1st DCA 1982). The above rule simply reinforces the following principle stated by the Florida Supreme Court in King v. Seamon, 59 So.2d 859, 861 (Fla. 1952): "The contemporaneous construction placed upon a statute by the officials charged with the duty of executing it should not be disregarded or overturned by this court except for the most cogent reasons, and unless clearly erroneous." Finally, it is our responsibility to uphold a general statutory grant of rulemaking authority to an agency, such as that conferred by section 443.171(2)(a), so long as the rules adopted pursuant thereto are reasonably related to the purposes of the enabling legislation, and are not arbitrary or capricious. Agrico Chemical Co. v. State, Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978); cert. denied, 376 So.2d 74 (Fla. 1979). Accord, General Telephone Co. of Florida v. Florida Public Service Commission, 446 So.2d 1063, 1067 (Fla. 1984).
It should be observed that no challenge has been made to any of the rules adopted by the Division implementing the statute delegating to the Division the authority to determine a claimant's ability and availability for work. I am not prepared to say that the Commission's interpretation of the statute and the applicable rules, as reflected in the order below, finding claimant's restrictions upon her availability for work to be reasonable, was either clearly erroneous, arbitrary or capricious. Our role in reviewing an agency's interpretation of a regulatory statute is, under the circumstances, governed by the following statements by former Chief Judge Robert P. Smith, Jr.:
When as here an agency has responded to rulemaking incentives and has allowed affected parties to help shape the rules they know will regulate them in the future, the judiciary must not, and we shall not, overly restrict the range of an agency's interpretative powers. Permissible interpretations of a statute must and will be sustained, though other interpretations are possible and may even seem preferable according to some views.
Framat, 407 So.2d at 242.
I would uphold the Commission's order in its entirety.