548 A.2d 366

Sharon S. Stankiewicz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

*David B. Marateck, Lark, Makowski, Marateck &
Konopka,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BLATT, September 29, 1988:

Sharon S. Stankiewicz (petitioner) petitions for our review of the decision and order of the Unemployment Compensation Board of Review (Board) denying benefits pursuant to Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 Pa. C. S. §802(b) (voluntary termination without cause of a necessitous and compelling nature). We will reverse.

The petitioner was employed by Geisinger Medical Center (employer) as a radiologic technologist beginning December 26, 1976. She took a maternity leave from October 7, 1984 to December 10, 1984. Shortly after her return, she requested a personal leave of absence of six months duration beginning January 2, 1985 and ending July 2, 1985. The employer granted this leave.

The employer's policy is stated within its letter to the petitioner in response to her request for leave. The relevant paragraph reads as follows:

> Although we cannot guarantee a position for you at the end of your leave, you will be given preferential consideration over new applicants for positions in your former department. You are responsible for notifying the Human Resources Department in writing of your interest to return two weeks before the end of your leave. Reinstatement procedures will not begin until written notification is received. Please note that if you should fail to contact the Human Resources Department before the end of your leave, you will be considered to have resigned without notice as of the last day worked.

Exhibit C-2. The petitioner complied with this policy by notifying the employer by letter dated June 17, 1985 that she did intend to return at the end of her leave period. The employer answered by informing the petitioner that there were no positions available in her department. The employer also notified her that it would extend her leave for one year beginning August 2, 1985 and ending August 2, 1986.[1]

The petitioner applied for unemployment compensation benefits on June 30, 1985. The Office of Employment Security granted benefits, but the referee reversed this determination of eligibility. The Board adopted the referee's findings and affirmed. After an appeal was taken to this Court, we vacated and remanded for additional findings of fact. *Stankiewicz v. Unemployment Compensation Board of Review,* 108 Pa. Commonwealth Ct. 340, 529 A.2d 614 (1987). Specifically, we requested findings as to whether the petitioner attempted to return to work and whether the employer unilaterally extended the leave of absence.

Upon remand, the Board issued a new order and decision including additional findings, but came to the same conclusion. An appeal from this decision, dated September 23, 1987, is now before this Court.

The Board has added the following additional findings on remand:

6. On June 17, 1985, the claimant sent the employer a letter stating her desire to return to work.

7. On August 12, 1985, the employer responded stating that he [sic] had no position

---

[1] Ms. Lisa Carrigall, the employer's wage and salary analyst, testified that this was done for the benefit of the employees, so that they would not lose their seniority status while waiting for a position to open. Notes of Testimony at 12.

available for the claimant but that in accordance with his [sic] policy, he [sic] would extend the claimant's leave for a period of one year from August 2, 1985, through August 2, 1986.

8. Prior to her request for a personal leave in early 1985, the claimant had been on a maternity leave from October 7, 1984, through December 10, 1984.

9. The claimant had returned to work in December but shortly thereafter requested personal leave.

10. The claimant decided to take the leave for unstated personal reasons.

Board's decision at 2. In accordance with our request of the Board, we translate these findings to mean that the petitioner did attempt to return to work and that the employer did unilaterally extend the leave of absence.

In cases such as this, the first issue to be resolved is whether the termination was voluntary or involuntary. This issue is a question of law subject to this Court's review. *Mastroianni v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 408, 473 A.2d 746 (1984). The Board acknowledges that an initial determination must be made as to the voluntariness of the separation from employment, but then goes on to say that because the petitioner voluntarily requested the leave of absence, knowing that there was no guarantee that the employer would have a position for her at the end of the leave period, she thereby voluntarily terminated her employment.

Although this impression may be given in *Schuler v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 590, 487 A.2d 1066 (1985), the Board is ignoring the reasoning and anaylsis of *Mastroianni*. As evidenced by this Court's holding in that opinion, for purposes of unemployment compensation eligi-

bility, the leave may be voluntary, and need not be for reason of illness. When an employee takes a temporary leave of absence, the key events to consider occur when that leave is ending. If at that time the employee expresses the intent to return to work, but no position is then available, then the separation is not voluntary. *Mastroianni*.

The facts here present much the same situation as in *Mastroianni,* and we therefore follow its reasoning and holding in our decision. Because the petitioner did attempt to return to her position at the end of her leave of absence and no suitable position was available, we hold that the petitioner was involuntarily terminated and that the Board erred in holding otherwise. Consequently, there was no need to consider the issue of whether the petitioner had cause of a necessitous and compelling nature to leave her employment.

We will, accordingly, reverse the Board.

ORDER

AND NOW, this 29th day of September, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.