160 Pa. Commonwealth Ct. 524 (1993)
635 A.2d 682
David S. FEINBERG, D.D.S., Petitioner,
v.
UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs October 8, 1993.
Decided December 16, 1993.
*526 Robert S. Cohen, for petitioner.
Linda S. Lloyd, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.
Stewart J. Berger, for intervenor Bethann Roland.
Before DOYLE and FRIEDMAN, JJ., and RODGERS, Senior Judge.
RODGERS, Senior Judge.
David S. Feinberg, D.D.S., (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) granting benefits to Bethann Roland (Claimant) under Section 402(e) of the Unemployment Compensation Law (Law).[1]
Claimant was employed as a full-time dental assistant/receptionist by Employer and her last day of work was November 4, 1992. On that day, Claimant proceeded to her local Bureau of Unemployment Compensation Benefits and Allowances (Bureau) *527 and, while requesting benefits, filled out a summary interview form which reads as follows:
David S. Feinberg, D.D.S. was my last employer 4-10-89  11-4-92 Dates of employment Dental Asst. Office Manager was my position. Reason for leaving Flucuating [sic] work Hours, Health Hazards in office Benefits (health) canceled I was unable to take leave of abscence [sic] need [sic] for Health Reasons because my employer had No benefits Available I Discussed my Reasons with Dr. Feinberg I am Available to work
(R.R. at 6a.)
Based upon statements by both the Employer and Claimant, the Bureau denied benefits after concluding that Claimant had left her job voluntarily because of dissatisfaction with her working conditions[2]. Claimant then appealed this determination to a referee, alleging that she had in fact been fired and did not leave her job voluntarily.
During a protracted and sometimes divisive hearing, Employer, not represented by counsel, presented the testimony of himself, his wife, and an assistant from his office. Claimant, who was represented by counsel, offered only her own testimony. Basing his decision mainly upon the Bureau's summary interview form filled out by the Claimant and the testimony of Dr. Feinberg's other office assistant, the referee affirmed the Bureau's determination. Claimant appealed and, without taking any new evidence, the Board reversed, finding that Claimant was discharged and Employer had failed to meet his burden of proving willful misconduct.[3] Employer now appeals to this Court.
*528 Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. Johnson v. Unemployment Compensation Board of Review, 94 Pa.Commonwealth Ct. 24, 502 A.2d 738 (1986). In determining whether there is substantial evidence to support the Board's findings, this court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence. Id.
Even while utilizing the above presumption and recognizing that the Board is the ultimate fact-finding body, empowered to resolve conflicts in evidence and determine the credibility of witnesses, Metropolitan Edison Company v. Unemployment Compensation Board of Review, 146 Pa.Commonwealth Ct. 648, 606 A.2d 955 (1992), we find that the record lacks substantial evidence to support the Board's reversal of the referee's denial of benefits.
The Board's findings of fact are conclusive on appeal only so long as the record taken as a whole, contains substantial evidence to support them. Taylor v. Unemployment Compensation Board of Review, 474 Pa. 351, 378 A.2d 829 (1977). Here, the sole support for the Board's findings consists of the testimony of the Claimant. Claimant's testimony is not only contradicted by Employer and his witnesses, which the Board is free to dismiss on credibility grounds, but also by her own written statement which flatly and decisively states the opposite of what she asserts in her testimony. This *529 clearly self-controverted testimony is the sole evidence relied on by the Board and in our view is neither substantial nor reasonable.
Whether the Claimant voluntarily terminated her employment or was discharged is a question of law subject to review by this court. Willis v. Commonwealth Unemployment Compensation Board of Review, 93 Pa.Commonwealth Ct. 308, 500 A.2d 1293 (1985). This is not a balancing of Claimant's testimony against that of the Employer or his witnesses. Rather, this is a question of looking at the record as whole to determine whether substantial evidence may be predicated upon testimony which is so neutralized by self contradiction, that it would prevent a reasonable mind from concluding that it could possibly form the substantial evidence upon which to base a finding. Moreover, we have held that:
"[t]estimony which is so uncertain or inadequate or equivocal or ambiguous or contradictory as to make a verdict of a jury or findings of a trial judge or the findings of an administrative fact finder mere conjectures is not adequate in lawsuits or substantial in administrative proceedings as a matter of law." (Emphasis added).
Novaselec v. Workmen's Compensation Appeal Board, 16 Pa.Commonwealth Ct. 550, 555, 332 A.2d 581, 583-584 (1975).
Our task is made substantially more difficult by the failure of the Board to specify its reasons for reversing the referee's findings. However, we realize that since Peak v. Commonwealth Unemployment Compensation Board, 509 Pa. 267, 501 A.2d 1383 (1985), the Board is free to reject a referee's credibility determinations without comment, where there is conflicting testimonial evidence on point and its reasons for reversing are plain from the record and adequate for judicial review. Spencer v. Unemployment Compensation Board of Review, 93 Pa.Commonwealth Ct. 270, 504 A.2d 991 (1986), petition for allowance of appeal denied, 514 Pa. 651, 524 A.2d 497, cert. denied, 484 U.S. 915, 108 S.Ct. 263, 98 L.Ed.2d 220 (1987).
*530 Upon a review of the record, it is clear that the only way in which the Board could have reversed the referee is by believing Claimant's explanation of why she wrote an interview statement in which she unmistakably listed her "reason for leaving" as several aspects of the job in which she was dissatisfied. Claimant's testimony as to why she wrote what she did is as follows:
R Okay, now, Ms. Roland, did you complete that document?
C Yes.
R This is exhibit # 6. Now, could you read what it says? Could you read what it says, starting with the date, for the record?
C "April 10, 1989 to November 4, 1992, dates of employment. Assistant office manager was my position. Reason for leaving, fluctuating work hours, health hazards in office, benefits canceled. I was unable to take leave of absences needed for health reasons. Because my employer had not [sic] benefits available I discussed my reasons with Dr. Feinberg. I am available to work." Now, when I gave that summary I was asked by the employment officer what my conditions were prior to my leaving and my being fired?
R Okay, it doesn't say anything on here that you were fired.
C I'm telling you what the man at the unemployment office had asked me.
R Okay, and so you didn't write in the statement what you testified to here today, that you were told by Dr. Feinberg that you were discharged because he could not afford to keep you. Why is that?
C Because he had asked me what my conditions were prior to my being fired and I wrote them down.
R Okay.
(R.R. at 41-42.)
In our view, Claimant's statement that she was allegedly told to list the conditions of her employment in no way explains her writing "Reason for leaving" and a list of *531 complaints. Claimant argues that this determination is still within the province of the Board's power to decide. This credibility determination and the findings of fact which it spawns, however, turn on what Claimant says the Bureau's officer says and, therefore, constitutes hearsay.[4] Hearsay evidence admitted without objection will be given probative effect and may support a finding of the Board only when it is corroborated by any competent evidence within the record. Bailey v. Unemployment Compensation Board of Review, 142 Pa.Commonwealth Ct. 294, 597 A.2d 241 (1991). A thorough review of the record reveals no trace of any corroborating evidence.
We feel that Claimant's explanation of her contradictory written statement is contrived and should not be considered, not only for its unbelievable substance, but also because it depends on inadmissible hearsay. As such, reliance on her primary testimony[5] as the sole evidence to support a finding of fact is error. This is not because it is contradicted by others, but rather because it is completely refuted by her own admission and that admission stands un-rebutted. Where testimony is so inadequate and contradictory that administrative findings of fact based upon it become mere conjecture, it fails to meet the test of substantiality. Yockey v. Workmen's Compensation Appeal Board (Pacemaker Driver Service), 79 Pa.Commonwealth Ct. 250, 468 A.2d 1199 (1983); D & T *532 Brooks, Inc. v. Workmen's Compensation Appeal Board, 38 Pa.Commonwealth Ct. 223, 392 A.2d 895 (1978).
Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. Peak. While the Board has the duty as finder of fact to weigh the evidence and determine the credibility of witnesses, it is "not free to ignore the overwhelming evidence in favor of a contrary result not supported by the evidence." Borello v. Unemployment Compensation Board of Review, 490 Pa. 607, 618-619, 417 A.2d 205, 211 (1980).
We do not view Claimant's testimony as the type of competent substantial evidence which a reasonable mind could conclude would support the Board's reversal of the referee and the granting of benefits to the Claimant. Accordingly, the order of the Board is reversed.

ORDER
NOW, December 16, 1993, the order of the Unemployment Compensation Board of Review in the above case is reversed.
FRIEDMAN, Judge, dissenting.
I respectfully dissent.
Here, the majority states that the only support for the Board's findings consist of the testimony of the Claimant, testimony which was contradicted. The majority concedes that the Board was free to believe Claimant and dismiss the contradictory testimony of Employer and Employer's witnesses on credibility grounds. However, the majority feels that Claimant's testimony was also contradicted by her own written statement which "flatly and decisively states the opposite of what she asserts in her testimony." The majority reasons that this self contradiction so neutralizes Claimant's testimony that it prevents a reasonable mind from concluding that it could possibly constitute substantial evidence upon which to base a finding. I disagree.
*533 First, I do not agree that Claimant's interview statement describing the conditions existing at the time she left work is flatly and decisively opposite to her claim that she was fired from her position. Although the two may seem to conflict, Claimant attempts to clarify the circumstances under which the interview statement was written, explaining that she told the employment officer that she had been fired and the employment officer asked her to record her conditions at work prior to her leaving and being fired. If believed, Claimant's testimony provides a possible, even if not compelling, explanation of the language in her interview statement. Although in the view of the majority, Claimant's statement was "contrived" and "unbelievable," I feel that such credibility appraisals are outside our province. On appellate review, we are limited to determining whether the facts as found by the Board are supported by substantial evidence; we cannot reweigh evidence or indulge in our own credibility determinations. Clearly, the Board believed Claimant's version of events. As the majority concludes, the only way in which the Board could have reversed the referee, is by believing Claimant's explanation of why she listed job grievances as reasons for leaving on her interview form. Even if we would have reached a different conclusion, the Board, as fact finder, was entitled to accept Claimant's testimony in this regard.
Even acknowledging that the Board is the sole arbiter of credibility in unemployment compensation cases, the majority contends that the Board's credibility assessment is invalid here because that determination and the findings of fact to which it gives rise depend upon the uncorroborated hearsay statements of the employment officer. The majority is correct in stating that hearsay evidence admitted without objection may support a finding only when corroborated by competent record evidence; however, the majority is mistaken when it states that "a thorough review of the record reveals no trace of such corroborating evidence."
On November 4, 1992, her last day of work, Claimant filed a request for unemployment benefits with the Bureau. At that time, a Bureau officer interviewed Claimant and had her fill *534 out the summary interview form. Subsequently, the Bureau sent an official notice to Dr. Feinberg to inform him of Claimant's application for unemployment compensation. This notice, entitled Employer's Notice of Application, appears at page 5a of the record. The second line of this notice provides a blank space under the caption "The claimant has indicated the reason for separation or partial unemployment as:." This space contains a single typewritten word"FIRED." (Emphasis added.) I believe that this evidence corroborates Claimant's testimony that she did, in fact, tell her Bureau interviewer that she had been fired by Dr. Feinberg, and this notice form together with Claimant's testimony provide evidence that a reasonable mind might accept as adequate to support the Board's conclusion. Accordingly, I would affirm.
NOTES
[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e).
[2] The Bureau's determination was based upon Section 402(b) of the Law, 43 P.S. § 802(b).
[3] The referee's decision was based upon Section 402(b) of the Law when he found that Claimant had not been fired, and failed to meet her burden of proof that she left her work for cause of a necessitous or compelling reason. On appeal, the Board's reversal based its decision on Section 402(e) of the Law and found that the Employer had failed to meet his burden of proving that the Claimant was discharged for willful misconduct. Employer argues that the Board's sua sponte switching of the burdens of proof via the change of applicable law was error, because throughout this contest he had consistently maintained Claimant had quit and never attempted to prove any willful misconduct by Claimant. Although the Board's shifting of the burden of proof may have crippled Employer's argument, we can find no error here since the referee requested and received permission from both parties to proceed under either section. 34 Pa.Code § 101.107; Kligge v. Unemployment Compensation Board of Review, 89 Pa.Commonwealth Ct. 30, 491 A.2d 325 (1985).
[4] Hearsay is defined as an out of court statement, either written or oral, offered in court for the purpose of proving the truth of the matter contained in the statement. Corso v. Workmen's Compensation Appeal Board, 142 Pa.Commonwealth Ct. 330, 597 A.2d 259 (1991), petition for allowance of appeal denied, 530 Pa. 647, 607 A.2d 257 (1992).
[5] Claimant testified that she had been fired because Employer could not afford to keep her. The dissent argues that Claimant's explanation is corroborated by the hearsay conclusion placed by a Bureau employee on the "Employer's Notice of Application", that the Claimant had indicated she was "FIRED", which, in turn, is contradicted by the hearsay finding of the unemployment compensation representative, J. Hammerman, in his notice of determination, dated December 9, 1992 (R.R. 9a) that "the Claimant states the reason for separation from this employment was "SHE LEFT HER JOB BECAUSE SHE WAS DISSATISFIED WITH HER WORK HOURS AND WORKING CONDITIONS." (Emphasis in original.) In our view, this is not substantial evidence supporting the Board's decision.