FRANK, Chief Judge.
Sarasota Welfare Home, Inc. (SWH), a health care agency, appeals from a decision of the Unemployment Appeals Commission holding that it was chargeable for unemployment benefits after an on-call employee was separated from employment. We reverse.
SWH operates a nursing home and an adult congregate living facility (ACLF). On June 10, 1992, Ms. Rublee, the manager of the ACLF, offered Leatha Bell work performing personal care attendant duties. Bell was informed that she would be called to work vacant shifts when regular employees were ill, terminated, or had left employment. Rublee testified that Bell worked only nine days from June through December, 1992. She never worked a full shift. During that period Rublee called Bell on fifty-four other occasions. The fifty-four efforts to employ Bell were unsuccessful either because Bell refused employment or could not be reached. Under these circumstances SWH should not be charged with Bell’s unemployment compensation benefits.
The Unemployment Appeals Commission has contended that this ease concerns the issue of separation rather than availability for employment. Because Bell’s discharge was not attributable to her misconduct, the Commission believes she should be eligible for unemployment compensation benefits. The Commission, however, has overlooked the fact that Bell, who would work only when she desired, was not “available for work” as that term is used in section 443.091(l)(c)l, Florida Statutes (1993), and thus she was not eligible for unemployment compensation benefits. See Baptist Medical Center v. Stolte, 475 So.2d 959 (Fla. 1st DCA 1985); North Miami General Hospital, Inc. v. Plaza, 432 So.2d 723 (Fla. 3d DCA 1983). As noted by the court in Palm Beach County School Board v. Unemployment Appeals Commission, 504 So.2d 505, 507-8 (Fla. 4th DCA 1987), which dealt with the claim of a substitute school teacher:
[T]he claimant was neither totally nor partially unemployed. We recognize that part-time workers are entitled to benefits under the statute, as are substitute teachers who by contract are paid to be available during specified periods of time. The unemployment compensation law is not designed to provide coverage to substitute workers who are called in from time to time as the need arises. The construction of the law given by the commission is beyond the scope of legislative intent and is clearly erroneous.
The observations of the Palm Beach County court are particularly apt in the case of Bell who continually refused employment and never even worked a full shift. SWH was justified in assuming that Bell had quit her job and the act of placing her on the “termination” list was unquestionably justified. Sun State Services, Inc. v. Florida Unemployment Appeals Commission, 503 So.2d 373 (Fla. 1st DCA 1987).
Accordingly, we reverse the order of the Unemployment Appeals Commission.
PATTERSON and BLUE, JJ., concur.