**Susan SANDERS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 3, 1999.
Decided Oct. 18, 1999.

Elliott G. Williams, Philadelphia, for petitioner.

Maribeth Wilt-Seibert, Harrisburg, for respondent.

Before COLINS, J., FRIEDMAN, J., and McCLOSKEY, Senior Judge.

COLINS, Judge.

Susan Sanders (Claimant) appeals from the order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying her unemployment benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1]

The facts as found by the Board are as follows. The Claimant was last employed by the City of Philadelphia Police Department (Employer) as a police officer from March 25, 1985 until October 9, 1998, her last day of work. During this time period, Claimant had an approved absence from work and returned on October 3, 1998. Upon her return, she agreed to undergo random drug testing. Thereafter, on October 9, 1998, after being interviewed by Employer's internal affairs unit, Claimant voluntarily terminated her employment to retire and collect a pension. Claimant avers that she voluntarily retired upon the advice of her union representative after allegedly failing the October 3, 1998 drug test. The record indicates that continuing work was available to Claimant had she not voluntarily retired.

Claimant's subsequent application for unemployment benefits was denied by the Job Center pursuant to Section 402(b) of the Law, which determination was affirmed by the Referee after a hearing at which Claimant, Claimant's witness, Employer's representative, and Employer's tax consultant testified. Claimant appealed, and the Board remanded the matter for clarification to a referee acting as hearing officer for the Board. At the remand hearing, Claimant, represented by counsel, and Employer's tax consultant testified. The Board found in favor of the Employer and concluded that Claimant failed to establish any necessitous and compelling cause for voluntarily terminating her employment. This appeal followed.[2]

On appeal, Claimant argues that the Board erred and that substantial evidence indicates that she had necessitous and

---

1. Section 402(b) of the Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 28979, *as amended*, 43 P.S. § 802(b), provides that a claimant is ineligible for compensation when his or her unemployment is due to voluntarily terminating employment without cause of a necessitous and compelling nature.

2. Our review in unemployment compensation cases is limited to determining whether the necessary findings are supported by substantial evidence and whether the Board has committed errors of law or constitutional violations. *Sargent v. Unemployment Compensation Board of Review,* 157 Pa.Cmwlth. 534, 630 A.2d 534 (1993).

compelling cause to terminate her employment, as a result of undue pressure placed upon her by Employer's internal affairs unit. Specifically, she states that on October 9, 1998, she was informed that there was a problem since she had failed to write down one of her prescriptions prior to undergoing random drug testing. Claimant had been instructed to present a list of all her prescriptions, but instead she brought a copy of her prescription plan history, which included all prescriptions for a three-year period, with the exception of one medication that Claimant's physician had given her during an office visit. Claimant contends that she identified the physician, Dr. Gerald Kramer, and provided Employer with the latter's telephone number for verification, but that Employer refused to call Claimant's physician. Claimant further alleges that Employer told her that since she had approximately 19 and one-half years in her pension, if she wished to save said pension, she would have to retire immediately.

■ After reviewing the record, we concur with the Board's decision. Whether an employee's conduct constitutes voluntary termination is a question of law to be determined by examining the findings of fact made by the Board. *Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review,* 167 Pa. Cmwlth. 386, 648 A.2d 124 (1994), *petition for allowance of appeal denied,* 540 Pa. 615, 656 A.2d 120 (1995). This Court has consistently held that to be entitled to unemployment benefits upon voluntarily retiring, a claimant "must prove that he acted with ordinary common sense in retiring and made reasonable efforts to preserve the employment relationship." *Johnson v. Unemployment Compensation Board of Review,* 723 A.2d 730, 733 (Pa. Cmwlth.1998).

■ In the present matter, the record is devoid of any substantial evidence to support Claimant's allegation that Employer subjected her to undue pressures such as to give her a necessitous and compelling reason to voluntarily retire. Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, in this case, the Employer, giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence. *Feinberg v. Unemployment Compensation Board of Review,* 160 Pa.Cmwlth. 524, 635 A.2d 682 (1993), *petition for allowance of appeal denied,* 539 Pa. 670, 652 A.2d 840 (1994). Specifically, Claimant's own testimony at the hearing with respect to both the drug testing results and the alleged pressures from Employer was unfocused and equivocal as evinced by the following excerpted testimony from Claimant's December 3, 1998 hearing:

[Cross-Examination of Claimant]

Q. Okay. Now you said you were tested for drugs....

A. Yes.

Q. What was the result of the test

A. I never saw the paper....[I]t was word of mouth what I was told.

Q ....Do you know what the results were? Were you told?

A. I was told a couple of things....

Q. Did you test positive for cocaine?

A. I was told that.

Q. By whom?

A. Jim McDevitt.

Q. Was he there to represent you?

A. I assumed he was....

Q. And does it tell you in those personnel policies of the police department for the City of Philadelphia what you may do if you believe an attempt to terminate you is not correct?

A. I didn't have the directions in front of me and with me to go over. I counted on my union representative

to go after my best interest when he advised me what to do.

Q. Do the policies state that?

A. I believe it says you can call to have a union representative there and you have a right to an attorney.

Q. Okay. Did you have an attorney present?

A. No....

Q. Did you file an appeal to the Civil Service Commission?

A. No.

Q. So, when you went to retire, all you did was fill out the paperwork. You didn't tell them anything, is that right?

A. No.

[Direct Examination of Employer's Witness]

Q. Was there continuing work for her [Claimant] had she not retired?

A. Yes, and still is. She can always seek reinstatement up to a year.

Q. Did she, when she went to retire, give any reason why she was leaving?

A. Her reason is just to retire. There's nothing here that indicates anything different....

Q.... Are you the keeper of her entire record as far as her... personnel files?

A. Yes.

Q. All right, So, you have no knowledge that she allegedly failed a drug test?

A. No.

(N.T., 12/3/98, pp. 11, 13, 19, 20).

 Based on the foregoing, we find that Claimant failed to establish that she acted reasonably given the factual situation or that she had cause of a necessitous and compelling nature to voluntarily retire.

Accordingly, the Board's decision is affirmed.

***ORDER***

**AND NOW,** this 18th day of October, 1999, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.