IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Labor and Industry, :
Office of Unemployment :
Compensation Benefits Policy, :
    Petitioner :
        :
        :
    v. : No. 1641 C.D. 2014
        : Submitted: December 9, 2015
        :
Unemployment Compensation :
Board of Review, :
    Respondent :

BEFORE:  HONORABLE DAN PELLEGRINI, President Judge[1]
     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
     HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE ROBERT SIMPSON, Judge
     HONORABLE MARY HANNAH LEAVITT, Judge[2]
     HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION BY
JUDGE LEAVITT             FILED: January 7, 2016

    The Department of Labor and Industry, Office of Unemployment Compensation Benefits Policy (Office of UC Benefits), petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) that reversed its decision to disqualify Peter B. Marshall (Claimant) from unemployment compensation benefits as of March 8, 2015. Section 401(b)(1)(i) of

---

[1] This case was assigned to the opinion writer before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

the Pennsylvania Unemployment Compensation Law (Law) [3] requires claimants to register on-line for employment search services within 30 days of applying for benefits.  The Department contends that Claimant did not meet this deadline and, thus, the Board erred in setting aside its disqualification of Claimant.  The Board found, however, that Claimant demonstrated good cause for not registering on time.  Discerning no error or abuse of discretion by the Board, we affirm.

On February 5, 2014, Claimant filed an application for unemployment compensation.  The Office of UC Benefits sent Claimant a handbook that explained the new legal requirement that he register "for employment search services offered by the Pennsylvania CareerLink system or its successor agency

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §401(b)(l)(i).  Section 401(b) of the Law provides in pertinent part:

> Compensation shall be payable to any employe who is or becomes unemployed, and who—
>> (b) (1) Is making an active search for suitable employment.  The requirements for "active search" shall be established by the department and shall include, at a minimum, all of the following:
>>> (i) Registration by a claimant for employment search services offered by the *Pennsylvania CareerLink system or its successor agency* within thirty (30) days after initial application for benefits.

43 P.S. §801(b) (emphasis added).  The Department's regulation states:

> *Work registration.*  A claimant shall register for employment search services in the Pennsylvania CareerLink® system within 30 days after the claimant files his application for benefits.  See section 401(b)(1)(i) of the [L]aw.  If a claimant does not register for employment search services in the Pennsylvania CareerLink® system within 30 days after the claimant files his application for benefits, the claimant will be ineligible for compensation for any week that ends more than 30 days after the claimant files his application for benefits unless the claimant registers by Sunday of that week.

34 Pa. Code §65.11(c).

2

within thirty (30) days after initial application for benefits." 43 P.S. §801(b).[4]  On February 26, 2014, the Department sent Claimant a letter reminding him of the registration requirement.  On March 17, 2014, the Department notified Claimant that he was ineligible for benefits because he had not registered by March 8, 2014. Claimant appealed.  His appeal stated, "I filed with the jobgateway link provided and have been receiving e-mails from Beyond.com.  I believe I filed in the 30 day period."  Reproduced Record at 8 (R.R. ___).[5]

Claimant was the sole witness at the Referee hearing held on April 10, 2014.  No one appeared on behalf of the Office of UC Benefits.  Claimant testified that he did not remember receiving the reminder letter, but he was aware of the registration requirement.  Describing himself as "not very computer savvy," he nonetheless believed he had successfully registered "right around the 8th."  R.R. 29a-30a.  The following exchange took place between the Referee and Claimant:

> R:  Okay.  And did you register for Work Search Services on or before March 8, 2014?
>
> C:  I'm not exactly sure of the date I registered but I did register.  Well, I must have registered after the date because that's why I'm in this predicament.

---

[4] "Pennsylvania CareerLink® system" is defined in 34 Pa. Code §65.11(a) as "[t]he system of offices, personnel and resources, including the Commonwealth Workforce Development System or successor electronic resources, through which the Department provides services under the Wagner-Peyser Act (29 U.S.C.A. §§49-491-2) and the Workforce Investment Act of 1998 (29 U.S.C.A. §§2801-2945) or similar or successor statutes."

In its brief, the Office of UC Benefits explains that the on-line registration used by Pennsylvania CareerLink® system is JobGateway (www.jobgateway.pa.gov).  Office of UC Benefits' Brief at 11.

[5] When the Office of UC Benefits received Claimant's appeal explaining that he believed he had successfully completed the on-line registration, it did not correct his misapprehension, which would have obviated the need for a hearing.  Instead, Claimant had to wait until the hearing to learn from the Referee that he had not successfully registered.

3

R: Actually, according to our records you haven't registered.

C: Really?

R: Um-hum.

C: Because I've been getting the e-mails from beyond.com.

R: I don't know what beyond.com is.

C: It's part of the Job Gateway.

R.R. 29a. Right after the Referee hearing, Claimant registered, successfully, with Job Gateway.

The Referee found that Claimant did not complete the required registration before the March 8th deadline. Nevertheless, the Referee sustained Claimant's appeal, explaining as follows:

> Claimant provided credible testimony at the hearing to establish that he believed he registered successfully because he has, and continues to receive job referrals from Beyond.com, which the Claimant also credibly testified was, to his understanding, affiliated with [jobgateway.pa.gov.]. *In the absence of any evidence to the contrary, the Referee cannot conclude sufficient evidence exists to establish the Claimant did not successfully register as required.*

Referee Decision at 2 (emphasis added).

The Office of UC Benefits appealed to the Board. The Board found, as fact, that the Department notified Claimant in its February 26, 2014, letter of the need to register by March 8th and when that was not done, Claimant received the notice of disqualification. However, the Board determined it was unreasonable to expect him to respond to the notice of disqualification with a second registration because it credited his testimony that he believed that he had properly completed

4

his registration. Claimant believed that the Office of UC Benefits was simply mistaken as to the date of his on-line registration. The Board held that Claimant demonstrated good cause for his failure to register within 30 days of his application and affirmed the Referee.

The Office of UC Benefits petitioned for this Court's review.[6] On appeal, it argues that Claimant's failure to register by March 8, 2014, disqualified him from benefits until April 10, 2014, when, following the Referee hearing, he registered successfully. The Office of UC Benefits contends that the Board erred in otherwise holding because there is no affiliation between beyond.com and jobgateway.pa.gov. Further, even if Claimant believed he was registered, that misunderstanding should have been corrected by the letter of February 26, 2014, reminding him of the need to register by March 8, 2014.[7]

A failure of a claimant to register timely in accordance with Section 401(b)(1)(i) of the Law is not a *per se* violation that automatically disqualifies a claimant from unemployment compensation. Section 401(b)(6) of the Law provides that "[t]he [D]epartment may waive or alter the requirements of this subsection in cases or situations with respect to which the secretary finds that compliance with such requirements would be oppressive or which would be

---

[6] Our scope of review of the Board's decision is to determine whether an error of law was committed, constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n.5 (Pa. Cmwlth. 2010). Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. *Feinberg v. Unemployment Compensation Board of Review*, 635 A.2d 682, 684 (Pa. Cmwlth. 1993).

[7] This reminder letter is irrelevant because Claimant testified that he knew he had to register by March 8, 2014. He believed, erroneously, that he had done so.

inconsistent with the purposes of this act."  43 P.S. §801(b)(6).[8]  In *Sharpe v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 431 C.D. 2014, filed October 21, 2014), this Court addressed the Department's ability to waive the registration requirement.  We observed as follows:

> During the promulgation of the Department's regulations implementing Section 401(b), a commenter asked whether a "good cause" standard should be incorporated into the regulations.  43 Pa. B. 4730, 4735 (2013).  The Department replied that in most cases where a "good cause" standard is applied, it is because it is directed by statute and that it would not adopt one on its own initiative.  *Id.*  However, the Department noted that, "if a claimant's 'good cause' for noncompliance with the regulation also constitutes a reason why compliance 'would be oppressive or ... inconsistent with the purposes of' the law, the claimant's circumstances could be addressed under the waiver provision in [S]ection 401(b)(6) of the [L]aw and [the regulation, 34 Pa. Code §65.11(f)(6)]."  *Id.*

*Id.* at 6-7.  In short, where a claimant can show "good cause" for not registering on time, the Department may waive the time requirement of Section 401(b)(1)(i) of the Law.

---

[8] The Department's regulation implementing the waiver provision of Section 401(b)(6) states:

> *The Department may waive or alter the requirements of this section or [S]ection 401(b) of the [L]aw in cases or situations with respect to which the Secretary finds that compliance with these requirements would be oppressive or which would be inconsistent with the purposes of the [L]aw*.  See section 401(b)(6) of the [L]aw.  A claimant may submit a request to the Department to waive or alter the requirements of this section or [S]ection 401(b) of the [L]aw.  The claimant may complete and submit the recommended waiver request form available on the Department's web site or submit a written request that contains the same information that would be required to complete the recommended form.

34 Pa. Code §65.11(f)(6) (emphasis added).

The Law does not define "good cause," and our Supreme Court has established that it "must be determined in each case from the facts of that case." *Barclay White Co. v. Unemployment Compensation Board of Review*, 50 A.2d 336, 340 (Pa. 1947). In each case, "good cause" must be "so interpreted that the fundamental purpose of the [Law] shall not be destroyed." *Id.* The central purpose of Section 401(b) of the Law is to require claimants to make "an active search for suitable employment" while collecting benefits. 43 P.S. §801(b).

In *Sharpe*, the claimant challenged her disqualification of benefits for failure to complete an on-line registration for a job search. The Board proposed using the *nunc pro tunc* standard to determine when a timely registration requirement can be waived. This Court questioned the Board's logic, noting that the *nunc pro tunc* standard was strict, as is appropriate in questions of jurisdiction. We suggested the more relaxed "good cause" standard, to which the Department had alluded in the public comments to its proposed regulation. *Sharpe*, slip op. at 7-8. Recognizing that the Board was entitled to deference in its interpretation of the Unemployment Compensation Law, we remanded the case to the Board.

As it explains in its brief, the Board has abandoned the *nunc pro tunc* standard for evaluating a waiver of the on-line registration time requirement. Instead, it argues for a more relaxed standard, noting that not every claimant can be expected to be "computer savvy" and that a single keystroke mistake can fail to effect a registration. Further, registration cannot be done by letter or by phone call. The Board rejects the argument of the Office of UC Benefits in favor of a strict liability standard. The Board believes, instead, that a case-by-case examination of "good cause" is appropriate and consistent with the remedial and humanitarian

7

objectives of the Law,[9] which should not be frustrated "by slavish adherence to technical and artificial rules." *Lehr v. Unemployment Compensation Board of Review*, 625 A.2d 173, 175 (Pa. Cmwlth. 1993) (quoting *Unemployment Compensation Board of Review v. Jolliffe*, 379 A.2d 109, 110 (Pa. 1977)).

The Board explains that in on-line registration waiver cases, "good cause" should be considered in the same way it is used to mitigate willful misconduct. In that context, good cause has been explained as follows:

> *[W]e must evaluate both the reasonableness of the employer's request in light of all the circumstances, and the employee's reasons for noncompliance.* The employee's behavior cannot fall within "wilful misconduct" if it was justifiable or reasonable under the circumstances, since it cannot then be considered to be in wilful disregard of conduct the employer "has a right to expect." In other words, if there was "good cause" for the employee's action, it cannot be charged as wilful misconduct.

---

[9] Section 3 of the Law sets forth the following declaration of public policy:

> Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Involuntary unemployment and its resulting burden of indigency falls with crushing force upon the unemployed worker, and ultimately upon the Commonwealth and its political subdivisions in the form of poor relief assistance. Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed through no fault of their own. The principle of the accumulation of financial reserves, the sharing of risks, and the payment of compensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency. The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

43 P.S. §752.

*McLean v. Unemployment Compensation Board of Review*, 383 A.2d 533, 535 (Pa. 1978) (emphasis added). The Board concluded that, here, using a reasonableness test, Claimant had good cause for his action, or non-action.

Claimant believed that Beyond.com was affiliated with jobgateway.pa.gov, and the Office of UC Benefits presented no "evidence to the contrary." Referee Decision at 2. In its brief, the Office of UC Benefits argues that there is no affiliation, but there is no evidence in the record to support this contention. The Board, as did the Referee, credited Claimant's testimony that he believed he had properly registered at www.jobgateway.pa.gov, and the Board is the ultimate finder of fact and credibility. *Elser v. Unemployment Compensation Board of Review*, 967 A.2d 1064, 1069 n.8 (Pa. Cmwlth. 2009). In light of Claimant's credited testimony, the Board concluded that it was unreasonable to expect him to repeat his registration. Plainly, Claimant was not ducking registration. As soon as he learned from the Referee that he was not registered, he responded. That very day. Because Claimant was receiving job referrals, it is clear that he was complying with the real purpose of Section 401(b), which is to ensure that a claimant "[i]s making an active search for suitable employment." 43 P.S. §801(b).

We agree with the Board's case-by-case approach to evaluating whether a claimant had good cause for failing to timely register for employment search services under Section 401(b)(l)(i) of the Law, 43 P.S. §801(b)(l)(i). The Board reviewed the facts and exercised its judgment to conclude that good cause existed to waive the 30-day deadline for Claimant's on-line registration. We agree and affirm its adjudication.

_____
MARY HANNAH LEAVITT, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Labor and Industry, :
Office of Unemployment :
Compensation Benefits Policy, :
          Petitioner :
           :
          v. : No. 1641 C.D. 2014
           :
Unemployment Compensation :
Board of Review, :
          Respondent :

# **O R D E R**

AND NOW, this 7th day of January, 2016, the order of the Unemployment Compensation Board of Review dated August 19, 2014, at No. B-568166, is AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Labor and Industry, :
Office of Unemployment :
Compensation Benefits Policy, :
            Petitioner :
             :
          v. : No. 1641 C.D. 2014
             : Submitted: December 9, 2015
Unemployment Compensation :
Board of Review, :
            Respondent :


BEFORE: HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge


DISSENTING OPINION BY
PRESIDENT JUDGE PELLEGRINI          FILED: January 7, 2016


Notwithstanding that he was informed that he was required to register within 30 days of making his application on the CareerLink website as required by Section 401(b) of the Pennsylvania Unemployment Compensation Law (Law),[1] being given a handbook setting forth the requirement as well as having a reminder sent to him that he was required to register, Peter B. Marshall (Claimant) failed to do so. The majority excuses that noncompliance and agrees with the Unemployment

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(b).

Compensation Board of Review (Board) that Claimant demonstrated "good cause" for failing to timely register. Because I do not believe that there is substantial evidence to support that position, I respectfully dissent.

Claimant filed an application for unemployment compensation (UC) benefits after which the Department sent him a UC Handbook that explained that he was required to register on the CareerLink website within 30 days of the filing of the application and provided instructions on how to do so. Three weeks later, the Department mailed Claimant a letter reminding him of the registration requirement. Because Claimant failed to register for employment search services within 30 days of filing his application for UC benefits, the Department found him ineligible for benefits. After a hearing, the Referee found that although the evidence does not support the conclusion that Claimant successfully registered on CareerLink on or before March 8, 2014, Claimant's credible testimony established that he believed that he had successfully registered because he was receiving job postings from beyond.com, which Claimant believed was affiliated with Job Gateway, the CareerLink system used by the Department for the work registration requirement. The Board affirmed. The majority agrees with the Board's case-by-case approach to good cause and holds that the Board's legal conclusion that Claimant reasonably believed that he registered with the proper entity supports a finding of good cause.

The majority is correct in that Claimant's failure to timely register pursuant to Section 401(b)(1)(i) of the Law is not a *per se* violation of the Law and, thus, he is not automatically precluded from UC benefits for his non-compliance, and that a claimant may be excused from a filing requirement if he or she can establish

DRP - 2

"good cause" for his or her failure to timely comply. However, I disagree with the "relaxed standard" case-by-case approach employed by the Board and accepted by the majority in determining whether a claimant has shown "good cause."

Although we lack examples of "good cause" as applied to the current version of Section 401(b) of the Law, in the past, this Court denied benefits to a claimant who had disqualified himself under Section 401(b) by failing to comply with its reporting requirements which required claimants to visit the office themselves each week. In *Zinicola v. Unemployment Compensation Board of Review*, 407 A.2d 474 (Pa. Cmwlth. 1979), a claimant relied on his friend at the unemployment office to handle his claim and only irregularly and infrequently visited the office himself. Although the claimant contended that he believed that he was in compliance with the reporting requirements, we held that he had continually disregarded them by not attending to his claim weekly. *Id.* at 475. Similarly, in *Stanek v. Unemployment Compensation Board of Review*, 295 A.2d 198 (Pa. Cmwlth. 1972), we denied one week's benefits where a claimant forgot to report to the unemployment office as scheduled despite the fact that he wrote an explanatory letter to the office apologizing for his failure.

In the context of the late filing of unemployment appeals, we have held that good cause is shown when there are extrinsic factors that caused the late filing. *See, e.g., Walker v. Unemployment Compensation Board of Review*, 461 A.2d 346, 347 (Pa. Cmwlth. 1983)*; Perry v. Unemployment Compensation Board of Review,* 459 A.2d 1342, 1343 (Pa. Cmwlth. 1983); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriquez)*, 455 A.2d 299, 300 (Pa. Cmwlth. 1983).

However, this Court has denied relief to claimants for delays when the failure to timely file was caused by the negligence of a claimant or a claimant's counsel. *See, e.g., Puckett v. Department of Transportation, Bureau of Driver Licensing*, 804 A.2d 140 (Pa. Cmwlth. 2002); *Criss v. Wise*, 781 A.2d 1156 (Pa. Cmwlth. 2001).

In this case, it is undisputed that Claimant did not successfully register on CareerLink within the 30-day period as prescribed by Section 401(b)(1)(i) of the Law. Claimant testified that *he believed* that he had registered successfully because he had been receiving job referrals from beyond.com, which *he believed* was affiliated with Job Gateway, despite possessing the UC Handbook which instructed him otherwise.

The UC Handbook explicitly provided the Job Gateway's website, not beyond.com, as the website on which Claimant must register to be eligible for UC benefits. Job Gateway is the Department's job searching system and has a "*.gov*" domain name, indicating that it is a governmental website; whereas beyond.com has the more common "*.com*" domain name, denoting a commercial website. Nowhere in either of the websites does it suggest that there is a link or affiliation between the two. Finally, although Claimant testified that he is not computer savvy, there is no reason why he failed to register on Job Gateway if he successfully registered on beyond.com.

Moreover, the Department sent Claimant a letter to the correct address reminding him that he had to register. While the Board found that Claimant never received the Department's follow-up letter reminding him to register, the letter was

not returned as undeliverable. It is presumed that a mailing is received if it is properly addressed and not returned by the postal authorities. *See Das v. Unemployment Compensation Board of* Review, 399 A.2d 816 (Pa. Cmwlth. 1979). Furthermore, a claimant's vague testimony that he did not receive a mailing does not justify his failure to timely comply with the Law. *See Renda v. Unemployment Compensation Board of Review*, 837 A.2d 685 (Pa. Cmwlth. 2003). The follow-up letter reminded Claimant that he had to register and the UC Handbook explained the registration requirement and how to register on CareerLink.

Claimant failed to satisfy the "good cause" standard because he failed to comply with Section 401(b)'s requirement of registering at the specifically-identified government website, and although he did register at some private website, his failure of registering at the government website was the result of his own negligence. Accordingly, I respectfully dissent.

_____
DAN PELLEGRINI, President Judge

Judge Leadbetter joins in this dissenting opinion.