IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Department of Labor and Industry, | : | |
| Office of Unemployment | : | |
| Compensation Benefits Policy, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1085 C.D. 2015 |
| | : | Submitted: March 18, 2016 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                               FILED: June 8, 2016

The Department of Labor and Industry, Office of Unemployment Compensation Benefits Policy (Office of UC Benefits), petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) holding Lillie A. Green-Anderson (Claimant) eligible for unemployment compensation benefits notwithstanding her tardiness in completing an on-line registration for an employment search. The Board affirmed the decision of the Referee that Claimant was exempt from the registration required by Section 401(b)(1)(i) of the Unemployment Compensation Law (Law), 43 P.S. §801(b)(1)(i),[1] because she testified that her employer had recalled her to her job. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(b)(1)(i). Section 401(b) of the Law provides in pertinent part:
**(Footnote continued on the next page . . . )**

On July 15, 2014, Claimant, a school bus driver for A.J. Myers (Employer), applied for unemployment compensation. The Office of UC Benefits sent Claimant a handbook explaining that she was required to register "for employment search services offered by the Pennsylvania CareerLink system or its successor agency within thirty (30) days after initial application for benefits." 43 P.S. §801(b)(1)(i). On August 5, 2014, the Office of UC Benefits notified Claimant that she had not yet completed the on-line registration. It warned that if she did not complete an on-line registration at www.jobgateway.pa.gov by August 14, 2014, her benefits would cease beginning with the week ending August 16, 2014.

---

**(continued . . . )**

Compensation shall be payable to any employe who is or becomes unemployed, and who—

(b)(1) Is making an active search for suitable employment. The requirements for "active search" shall be established by the department and shall include, at a minimum, all of the following:

(i) Registration by a claimant for employment search services offered by the *Pennsylvania CareerLink system or its successor agency* within thirty (30) days after initial application for benefits.

43 P.S. §801(b)(1)(i) (emphasis added). The Department's regulation states:

*Work registration.* A claimant shall register for employment search services in the Pennsylvania CareerLink® system within 30 days after the claimant files his application for benefits. See section 401(b)(1)(i) of the [L]aw. If a claimant does not register for employment search services in the Pennsylvania CareerLink® system within 30 days after the claimant files his application for benefits, the claimant will be ineligible for compensation for any week that ends more than 30 days after the claimant files his application for benefits unless the claimant registers by Sunday of that week.

34 Pa. Code §65.11(c).

2

On August 18, 2014, the Indiana UC Service Center notified Claimant that because of her failure to register, her unemployment compensation benefits ended August 16, 2014. The notice also explained that if Claimant registered

> on Sunday, the last week you are disqualified is the previous week. If you register from Monday through Saturday, the last week you are disqualified is the week in which you register.

Reproduced Record at 6a (R.R. __). Claimant then registered by appearing at a CareerLink office.[2]

Claimant appealed the termination of benefits. The Referee conducted a hearing on September 22, 2014. Noting that Claimant completed the registration requirement on August 29, 2014, the Referee limited the scope of the hearing to Claimant's eligibility for three weeks, *i.e.*, the weeks ending August 16, August 23 and August 30, 2014.

Claimant, *pro se*, was the sole witness. The Referee informed her that the Law provides three exceptions to the registration requirement. The first is where a claimant has been laid off for lack of work but given a date for returning to work. Section 401(b)(5) of the Law, 43 P.S. §801(b)(5).[3] The second and third

---

[2] "Pennsylvania CareerLink® system" is defined in 34 Pa. Code §65.11(a) as "[t]he system of offices, personnel and resources, including the Commonwealth Workforce Development System or successor electronic resources, through which the Department provides services under the Wagner–Peyser Act (29 U.S.C.A. §§ 49–49*l*-2) and the Workforce Investment Act of 1998 (29 U.S.C.A. §§2801–2945) or similar or successor statutes."

[3] Section 401(b)(5) provides:

> The requirements of this subsection shall not apply to a claimant who is laid off for lack of work and advised by the employer of the date on which the claimant will return to work.

43 P.S. §801(b)(5).

exceptions relate to claimants that are participating in certain training or reemployment programs. Section 401(b)(4) of the Law, 43 P.S. §801(b)(4).[4]

Claimant acknowledged that she received the UC Service Center's letter advising her that she had to register by August 14, 2014. She testified that she misread the letter, believing that she had to register by August 28, 2014. However, Employer had recalled her to work, which was to begin "a few more days after" August 28, 2014. Notes of Testimony, September 22, 2014, at 5 (N.T., 9/22/2014 at _____). She saw no need to register because she was returning to work in late August, which would end her unemployment compensation. When Claimant realized her error, she immediately registered. She did so at a CareerLink office because she described herself as "computer illiterate." *Id.*

The Referee asked Claimant if she was "off on a summer break." N.T., 9/22/2014 at 5. Claimant explained that for the past five years she has worked for Employer as a school bus driver during the school year. She further explained, in response to the Referee's question, that on occasion Employer has had work for her in the summer. In any case, she has always been called back to work at the start of the school year.

_____

[4] Section 401(b)(4) provides:

> The requirements of this subsection do not apply to any week in which the claimant is in training approved under section 236(a)(1) of the Trade Act of 1974 (Public Law 93-618, 19 U.S.C. § 2101 et seq.) or any week in which the claimant is required to participate in reemployment services under section 402(j) of this act.

43 P.S. §801(b)(4).

Given Claimant's expectation that she would be recalled to work, as she had been for the past five years, the Referee reasoned that her circumstance was

> substantially similar to one of the exceptions to the registration requirement outlined at Section 401(b)(1)(i) when an employer provides a claimant with a written note of recall when that employer places a claimant on lay-off.

Referee Decision at 3; R.R. 55a. Accordingly, the Referee found Claimant eligible for an exception to the registration requirement and granted benefits for the three weeks at issue.

The Office of UC Benefits appealed to the Board, which affirmed without opinion. The Office of UC Benefits then requested reconsideration. The Board granted reconsideration and thereafter issued an adjudication reaffirming the Referee's decision.

The Office of UC Benefits petitioned for this Court's review.[5] It argues that (1) Claimant did not establish an exception from registration because she did not present a copy of a written recall notice issued by Employer; (2) Claimant did not show good cause for failing to register; and (3) misreading the notice is not a valid reason for failing to register.

---

[5] Our scope of review of the Board's decision determines whether an error of law was committed, constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n. 5 (Pa. Cmwlth. 2010). "Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion." *Feinberg v. Unemployment Compensation Board of Review*, 635 A.2d 682, 684 (Pa. Cmwlth. 1993).

To establish an exception to the registration requirement based upon a recall to work, the regulation states as follows:

> (2)  For purposes of section 401(b)(5) of the [L]aw:
>
>> (i)  *A claimant is advised by the employer of the date on which he will return to work only if* both of the following conditions are satisfied:
>>
>>> (A) *The employer* designates a specific recall date and *notifies the claimant of the recall date in writing*.
>>>
>>> (B) The employer's designation of a recall date is bona fide.

34 Pa. Code §65.11(g)(2) (emphasis added).  Section 401(b)(5) of the Law does not require an on-line registration requirement where the claimant is "advised by the employer of the date on which the claimant will return to work."  43 P.S. §801(b)(5).  Although Section 401(b)(5) does not require that the employer's recall notice be given in writing, the regulation does.  The Office of UC Benefits contends that because Claimant did not satisfy the regulation, she did not meet the exception.

The Board responds, first, that failure to register is not a *per se* violation of the Law and that it has the authority to exercise its judgment to excuse a claimant from the on-line registration requirement for good cause.  *Department of Labor and Industry v. Unemployment Compensation Board of Review*, 131 A.3d 597, 600 (Pa. Cmwlth. 2016).  Further, the Board has the authority to waive or modify the registration requirements in appropriate circumstances.  Section 401(b)(6) of the Law provides as follows:

6

> *The department may waive or alter the requirements of this subsection* in cases or situations with respect to which the secretary finds that compliance with such requirements would be oppressive or which would be inconsistent with the purposes of this act.

43 P.S. §801(b)(6) (emphasis added). Acknowledging that Claimant did not present Employer's written recall notice, the Board responds that Claimant's expectation of returning to work at the beginning of the school year, as she had for the preceding five years, entitled her to invoke the registration exception.

In *Department of Labor and Industry*, 131 A.3d 597, the claimant testified that he had attempted to register in a timely manner and believed he had done so because he was receiving job referral e-mails. The Referee found the claimant credible and granted benefits for the period of time in question, and the Board affirmed. The Office of UC Benefits appealed, arguing that it was error to grant an exception to the timely registration requirement because the claimant had not registered at the official Commonwealth site, www.jobgateway.pa.gov.

This Court affirmed the Board. Section 401(b)(6) of the Law authorizes the Board to "waive or alter" the registration requirement where "compliance with such requirements would be oppressive or ... would be inconsistent with the purposes of this act." 43 P.S. §801(b)(6). Stated otherwise, an untimely registration is not "a *per se* violation that automatically disqualifies a claimant from unemployment." *Department of Labor and Industry*, 131 A.3d at 600. We agreed "with the Board's case-by-case approach to evaluating whether a claimant had good cause for failing to timely register for employment search services under Section 401(b)(1)(i) of the Law" and to exercise its judgment accordingly. *Id.* at 602. Because the claimant credibly established that he believed

7

that he had properly registered, the Board concluded that he established good cause and would not be denied benefits for not undertaking what he believed would be a redundant registration. The claimant was not trying to avoid employment. To the contrary, the record established his active search for employment, which is the underlying purpose of the on-line registration. For these reasons, we upheld the Board.

Here, the Board determined that Claimant met one of the exceptions to the on-line registration requirement because she had a specific recall date from Employer, *i.e.*, the first day of school. The regulation states that the recall date must be given in writing, 34 Pa. Code §65.11(g)(2)(i)(A), and there is no such writing in the record. The Board waived the writing requirement because Claimant's testimony established that Employer advised her of a return to work date.

As in *Department of Labor and Industry*, 131 A.3d 597, we agree with the Board that it did not err in its disposition of Claimant's case. The Board may waive or modify the registration requirements in appropriate circumstances. Section 401(b)(6) of the Law, 43 P.S. §801(b)(6). Such discretion is aligned with the remedial and humanitarian objectives of the Law.[6] In any case, the statute

---

[6] Section 3 of the Law sets forth the following declaration of public policy:

> Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Involuntary unemployment and its resulting burden of indigency falls with crushing force upon the unemployed worker, and ultimately upon the Commonwealth and its political subdivisions in the form of poor relief assistance. Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed through no fault of their

**(Footnote continued on the next page . . . )**

itself does not require that a claimant demonstrate that her employer provided a recall date in writing. The Referee allowed Claimant to establish the recall date with testimony, which was corroborated by five years of experience. We reject the Office of UC Benefits' contention that the Board erred.

In its second issue, the Office of UC Benefits contends that Claimant did not establish good cause for her failure to register.[7] It argues that Claimant's expectation of a recall did not give her an exception and, further, Claimant did not raise this issue with the Referee. She merely claimed that she misread the notice.

The Referee was not limited to the issue raised by Claimant. The applicable regulation states as follows:

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. *However, any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.*

---

**(continued . . . )**

own. The principle of the accumulation of financial reserves, the sharing of risks, and the payment of compensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency. The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

43 P.S. §752.

[7] In its reply brief, the Office of UC Benefits acknowledges that under *Department of Labor and Industry*, 131 A.3d 597, the Board may waive or modify the on-line registration requirement for good cause.

34 Pa. Code §101.87 (emphasis added). This "regulation has been interpreted to allow the Referee to consider other issues so long as the claimant is not surprised or prejudged." *Sharp Equipment Company v. Unemployment Compensation Board of Review*, 808 A.2d 1019, 1025 (Pa. Cmwlth. 2002). Further, because Claimant appeared *pro se* at the hearing, the Referee had a duty to assist her. 34 Pa. Code §101.21(a).[8] The duty to assist exists

> so that the facts of the case necessary for a decision may be adequately developed to "insure that compensation will not be paid in cases in which the claimant is not eligible and that compensation will be paid if the facts, *thoroughly developed*, entitled the claimant to benefits."

*Bennett v. Unemployment Compensation Board of Review*, 445 A.2d 258, 259 (Pa. Cmwlth. 1982) (quoting *Robinson v. Unemployment Compensation Board of Review*, 431 A.2d 378, 380 (Pa. Cmwlth. 1981) (emphasis added)).

Here, the record established that Claimant expected to be, and was in fact, recalled to work by Employer. The Office of UC Benefits does not challenge these factual findings. Given these facts, we conclude that Claimant established good cause for failing to register.

In its third issue, the Office of UC Benefits argues that Claimant's misreading the notice does not constitute good cause to waive the on-line

---

[8] It provides:

> In a hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

34 Pa. Code §101.21(a).

10

registration. We need not address this issue because it was not the basis for the Board's adjudication. Rather, it held that her recall to work provided the exception. That Claimant was not versed in the Law and did not realize this provided her with an exception is of no moment. Her credited testimony established this exception.

Accordingly, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Labor and Industry, : 
Office of Unemployment : 
Compensation Benefits Policy, : 
           Petitioner : 
          : 
        v. : No. 1085 C.D. 2015
          : 
Unemployment Compensation : 
Board of Review, : 
           Respondent : 

# **O R D E R**

AND NOW, this 8th day of June, 2016, the order of the Unemployment Compensation Board of Review, dated June 1, 2015, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge