# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Gajewski, : 
                Petitioner : 
           v. : No. 1936 C.D. 2016
                             : Submitted: April 13, 2017
Unemployment Compensation : 
Board of Review, : 
            Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                           **FILED:  June 5, 2017**

       Jennifer L. Gajewski (Claimant) petitions, *pro se*, for review of an order of the Unemployment Compensation Board of Review (Board) finding her ineligible for unemployment compensation benefits under Section 401(b)(1)(i) of the Unemployment Compensation Law (Law)[1] because she did not register on the Job Gateway website[2] that is part of the Pennsylvania CareerLink system within 30 days of her initial application for benefits.  For the reasons set forth below, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(b)(1)(i).

[2] https://www.jobgateway.pa.gov (last visited May 1, 2017).

Claimant filed an application for unemployment compensation benefits on June 23, 2016. (Record Item (R. Item) 1, Claim Record; R. Item 10, Referee Decision and Order, Finding of Fact (F.F.) ¶1.) On July 14, 2016, the Department of Labor and Industry (Department) sent Claimant a letter advising her that it had been more than 21 days since she had applied for benefits and that she had not yet registered for employment search services on the CareerLink website. (R. Item 2, July 14, 2016 Letter; R. Item 10, Referee Decision and Order, F.F. ¶2.) This letter advised Claimant that if she did not complete her registration, either on the website or in person at a CareerLink office, by July 23, 2016, the 30th day after her initial claim, she would be disqualified from receiving benefits beginning with the week ending July 30, 2016. (R. Item 2, July 14, 2016 Letter at 1.) In addition, the letter provided instructions on how claimants can check their status on the CareerLink website to determine whether or not they had completed registration and stated that claimants who had difficulty in registering should contact their local CareerLink office. (*Id*. at 1-2.) On August 1, 2016, as a result of Claimant's failure to register for CareerLink services within 30 days of her initial claim, the Unemployment Compensation Service Center issued a determination finding her ineligible for benefits of the Law pursuant to Section 401(b)(1)(i). (R. Item 3, Notice of Determination.)

Claimant appealed the Service Center's determination and a hearing was held before the Referee on August 23, 2016. At the hearing, the Referee admitted into evidence an Attestation and Certification completed by Department personnel, with attached CareerLink records, showing that Claimant had not completed her CareerLink registration as of July 29, 2016. (R. Item 9, Aug. 23, 2016 Hearing Transcript (H.T.) at 2-3; R. Item 5, Service Center Exhibits 4, 6, 7.)

2

Claimant testified at the hearing that she attempted to register for CareerLink's online service on July 15, 2016, within the 30-day period, and at the time she believed she had completed the required registration. (R. Item 9, H.T. at 4.) Claimant stated that she did not see a notification on the website that her registration was incomplete and she believed that there were incompatibility issues between her internet browser and the CareerLink website that resulted in frequent error pop-up messages. (*Id.*) Claimant testified that when she finally spoke to a Service Center staff member after learning that her registration was not complete, the staff member walked her through the process and explained that she had to post her resume in order to complete registration. (*Id.*) Claimant stated that until that point, however, "I just thought that giving my name, address, and information was what it meant to register." (*Id.* at 4-5.)

In an August 24, 2016 decision and order, the Referee affirmed the Service Center's determination and held that Claimant was ineligible for unemployment compensation under Section 401(b)(1)(i). (R. Item 10, Referee Decision and Order.) In the decision, the Referee found that Claimant did not complete her CareerLink registration within 30 days of her initial claim for benefits despite having received an unemployment compensation handbook and the July 14, 2016 letter which provided instructions on how to complete registration for the CareerLink website within the statutory timeframe. (*Id.*, F.F. ¶¶2-4.) The Referee concluded that, though Claimant credibly explained during the hearing that her failure to complete her CareerLink was not deliberate, she was nonetheless ineligible for benefits until the week in which she successfully completed her CareerLink registration. (*Id.*, Reasoning at 2.)

3

Claimant appealed to the Board, and, on October 11, 2016, the Board issued an order affirming the Referee's decision and order. (R. Item 12, Board Order.) In the order, the Board adopted and incorporated the Referee's findings of fact and conclusions and stated:

> The claimant should have realized when she received the 21-day letter that she was not completely registered for work. She had the option to seek assistance if she was having difficulty. There is no documentation of the date on which the claimant completed her registration, although she testified that she had done so.

(*Id.*)

In her appeal to this Court,[3] Claimant argues that she should not have been determined ineligible for benefits for the period prior to her successful completion of CareerLink registration in August 2016 because the reason for her late registration was due to problems with the CareerLink website. Claimant asserts that her problems with the website were compounded by the fact that each time she called the Department's hotline, the required wait time to speak with a staff person was over 45 minutes, which was difficult for her because at that time she was caring for a newborn baby.

Pursuant to Section 401(b)(1)(i) of the Law, a claimant must register for employment search services offered by the CareerLink system[4] within 30 days

---

[3] Our scope of review of the Board's decision is limited to determining whether errors of law were committed, constitutional rights or agency procedures were violated and necessary findings of fact are supported by substantial evidence. *Department of Labor and Industry v. Unemployment Compensation Board of Review*, 131 A.3d 597, 600 n.6 (Pa. Cmwlth. 2016) (*en banc*).

[4] The CareerLink system is defined in Department regulations as "[t]he system of offices, personnel and resources, including the Commonwealth Workforce Development System or **(Footnote continued on next page…)**

after the initial application for benefits in order to demonstrate that she is "making an active search for suitable employment." 43 P.S. § 801(b)(1)(i). Department regulations provide that in order to complete the process of registration for CareerLink services, a claimant must "[p]rovide information regarding education, work history and qualifications and other information required by the Department that is relevant to receipt of employment search services." 34 Pa. Code § 65.11(a). Department regulations further provide that if a claimant does not register with the CareerLink system within 30 days after the application, "the claimant will be ineligible for compensation for any week that ends more than 30 days after the claimant files his application for benefits unless the claimant registers by Sunday of that week." 34 Pa. Code § 65.11(c).

A claimant's failure to register with CareerLink, however, does not constitute a *per se* disqualification from receipt of benefits. *Department of Labor and Industry v. Unemployment Compensation Board of Review*, 131 A.3d 597, 600 (Pa. Cmwlth. 2016) (*en banc*). Section 401(b)(6) of the Law recognizes that the Department "may waive or alter the requirements of this subsection in cases or situations with respect to which the secretary finds that compliance with such requirements would be oppressive or which would be inconsistent with the purposes of this act." 43 P.S. § 801(b)(6); *see also* 34 Pa. Code § 65.11(f)(6). In *Department of Labor and Industry*, this Court explained that this provision permits the Department to waive the 30-day registration requirement where the claimant

---

**(continued…)**
successor electronic resources, through which the Department provides services under the Wagner-Peyser Act (29 U.S.C.A. §§ 49–49*l*-2) and the Workforce Investment Act of 1998 (29 U.S.C.A. §§ 2801–2945) or similar or successor statutes." 34 Pa. Code § 65.11(a).

can show "good cause" for not timely registering. 131 A.3d at 600-01. As this Court explained, there is no precise definition for "good cause" under the Law, and each case must be analyzed on its own facts to determine whether the claimant's reasons for failing to timely register for the employment search services were reasonable and whether the claimant complied with the "central purpose" of Section 401(b) by "making an active search for suitable employment." *Id*. at 601-02 (quoting 43 P.S. § 801(b)(1)). Thus, in *Department of Labor and Industry*, this Court affirmed a determination by the Board excusing a claimant from the 30-day registration requirement where the claimant credibly explained that he mistakenly registered for a similar job search website to the Job Gateway site and he was receiving job referrals from that website. *Id*. at 602.

Upon review, we conclude that the Board did not err in affirming the denial of benefits to Claimant pursuant to Section 401(b)(1)(i) of the Law. Claimant does not dispute that she failed to register within 30 days of her initial application for benefits. Furthermore, the record supports that Claimant was aware of the requirement under the Law that she register for CareerLink within 30 days of her initial claim. Claimant testified that, when she initially applied for benefits, she was notified that she would have to register within 30 days of her June 23, 2016 application date and she was given an unemployment compensation handbook advising her of the application process. (R. Item 9, H.T. at 3, 5.) The record also includes a copy of the July 14, 2016 Department letter that was addressed to Claimant's address of record and advises her that 21 days had elapsed since her initial application and her CareerLink registration was not yet complete; in addition, the Department submitted an Attestation and Certification at the Referee's hearing affirming that this letter was mailed to Claimant on July 14,

6

2016. (R. Item 2, July 14, 2016 Letter; R. Item 5, Service Center Ex. 4, Attestation and Certification; R. Item 9, H.T. at 1.) Under the "mailbox rule," this evidence was sufficient to establish an evidentiary presumption that Claimant received the 21-day notice letter and to shift the burden to Claimant to show that she did not in fact receive the notice. *See Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1191-93 (Pa. Cmwlth. 2016); *Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38, 41-42 & n.7 (Pa. Cmwlth. 2012) (*en banc*). Claimant's testimony that "I don't recall receiving that letter but that doesn't mean that I didn't receive it" was not sufficient to rebut the presumption that she received the 21-day notice letter. (R. Item 9, H.T. at 3.)

Claimant argues that she had good cause for her failure to complete her CareerLink registration within 30 days of her initial claim for benefits because the CareerLink website fell below the standards of e-commerce sites. As problems with the CareerLink website, Claimant specifically cites frequently appearing pop-up windows informing the user of errors when none in fact existed and the lack of safeguards to ensure that a user would not miss filling out any of the required fields when completing the registration form. The Board did not expressly address whether Claimant established good cause for her failure to timely register for CareerLink but determined that even if she did have problems with the website, Claimant did not seek assistance even though the Department's 21-day letter stated that she could contact her local CareerLink office if she had difficulty registering on the website. (R. Item 2, July 14, 2016 Letter at 2; R. Item 12, Board Order.) As described above, Claimant's receipt of the 21-day letter advising her that her CareerLink registration was incomplete and the steps she could take to complete registration is supported by the record.

Claimant also argues that she repeatedly attempted to contact the Department via telephone but she could not wait for more than 45 minutes to speak with a staff member because she was caring for a newborn baby. This argument does not find support in the evidence presented at the Referee's hearing. While Claimant did testify at the hearing that she made "numerous phone calls to the Service Center to try to rectify the situation" (R. Item 9, H.T. at 5), Claimant did not testify that there were excessive wait times or that she was caring for a newborn baby at that time. Instead, Claimant testified that the personnel she spoke with were "very, very helpful" and that one of the individuals she spoke to helped her complete the registration process by showing her the portion of the website where she could upload her resume to complete her employment search profile. (*Id.* at 4-5.) Claimant testified that she had "just overlooked" that portion of the website until that point and had not realized that more was required than simply providing her name and address. (*Id.*)

Accordingly, we conclude that the record before the Referee does not demonstrate that Claimant acted reasonably and that she complied with the "central purpose" of Section 401(b) by "making an active search for suitable employment." *Department of Labor and Industry*, 131 A.3d at 601-02 (quoting 43 P.S. § 801(b)(1)). Therefore, Claimant was not entitled to a good cause waiver of the requirement of completing her registration for CareerLink services within 30 days of her initial application for benefits as required by Section 401(b)(1)(i). The order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Gajewski, : 
 : 
      Petitioner : 
 : 
      v. : No. 1936 C.D. 2016
 : 
Unemployment Compensation : 
Board of Review, : 
 : 
      Respondent : 


# ORDER

AND NOW, this 5th day of June, 2017, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.


_____

**JAMES GARDNER COLINS, Senior Judge**