# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles A. Gerber IV, : 
                   Petitioner : 
   : 
             v. : No. 1855 C.D. 2017
   : Submitted: August 10, 2018
Unemployment Compensation : 
Board of Review, : 
               Respondent : 


BEFORE:    **HONORABLE MARY HANNAH LEAVITT, President Judge**
                    **HONORABLE RENÉE COHN JUBELIRER, Judge**
                    **HONORABLE ELLEN CEISLER, Judge**


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                **FILED: October 12, 2018**

Charles A. Gerber IV (Claimant), pro se, petitions for review of a November 17, 2017 Order of the Unemployment Compensation (UC) Board of Review (Board). The Order affirmed a Referee's Decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the UC Law (Law).[1] Upon review, we affirm.

After a hearing held on September 22, 2017, the Referee made the following findings of facts. Claimant first filed an application for UC benefits on February 21, 2016. Upon filing, Claimant was instructed to register "for employment search services offered by the Pennsylvania CareerLink system or its successor agency

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

within thirty (30) days after initial application for benefits."[2] Section 401(b)(1)(i) of the Law, 43 P.S. § 801(b)(1)(i). In addition, Claimant received a Pennsylvania UC Handbook, which included information regarding how to register for JobGateway. (Referee Decision, Finding of Fact (FOF) ¶ 7.) In a letter mailed on March 14, 2016 (Notice), the Office of UC Benefits notified Claimant that he must register on JobGateway by March 23, 2016, or face disqualification from future benefits. (Record (R.) Item 2; FOF ¶ 8.) The Notice further stated "the department recommends that you register even if you are currently exempt. If . . . you become unemployed in the future, **you will be ineligible for benefits until you register**." (R. Item 2 (emphasis added).) Following the expiration of the 30 days to register on JobGateway, the Office of UC Benefits, in a Notice of Determination mailed on March 28, 2016 (Determination), disqualified Claimant from receiving benefits for the week ending March 26, 2016, **and thereafter until Claimant registered**. (R. Item 3.) The Determination informed Claimant that his final day to appeal was April 12, 2016. At the time of the Determination, Claimant was working again and not in need of UC benefits; thus he neither registered on JobGateway[3] nor appealed the Determination. (FOF ¶ 2.)

---

[2] Pennsylvania CareerLink® system is defined in 34 Pa. Code § 65.11(a) as "[t]he system of offices, personnel and resources, including the Commonwealth Workforce Development System or successor electronic resources, through which the Department provides services under the Wagner–Peyser Act (29 U.S.C. §§ 49-49*l*-2) and the Workforce Investment Act of 1998 (29 U.S.C.[] §§ 2801-2945) or similar or successor statutes." The online registration used by Pennsylvania CareerLink® system is JobGateway (www.jobgateway.pa.gov).

[3] Claimant's wife indicated during the hearing that Claimant's lack of registration was due in part to his membership in a union, as he was not allowed to solicit employment from a job search website such as JobGateway. Given this, Claimant believed he was exempt from the registration requirement. At the hearing and in his brief, Claimant also indicated that he believed he may have been exempt due to a previous registration with JobGateway in 2012.

In December 2016, Claimant became unemployed again and applied for benefits **using his existing claim**, opened in February. Because Claimant was merely re-opening his initial claim, there was **no additional eligibility or disqualification determination made**. When Claimant did not receive his benefits, he repeatedly attempted to contact the UC Service Center (UCSC), but was unable to get through to a representative.[4] (FOF ¶ 4.) Claimant returned to work in January 2017, but continued to seek resolution for the approximate four weeks of unpaid benefits. After Claimant was unable to reach anyone at the UCSC, he sought the assistance of his state representative and subsequently filed an **appeal of the March 28, 2016 Determination on August 30, 2017**, approximately 16 months after the appeal deadline. (FOF ¶ 5.)

Following the hearing, the Referee dismissed Claimant's appeal as untimely. (Referee Decision at 3.) The Referee considered the appeal as if it had been filed in December 2016, finding that Claimant's delay in filing between December 2016, and August 2017, was due to his inability to reach the UCSC. (*Id.* at 2.) Although acknowledging that Claimant was employed and did not anticipate needing UC benefits when the Determination was sent, the Referee rejected that reason as good cause excusing Claimant's untimely appeal. (*Id.*) Rather, the Referee determined that Claimant was on notice of both the appeal deadline for the Determination and the registration requirement to maintain eligibility. (*Id.*) Claimant appealed the

---

[4] At the hearing, Claimant and his wife testified as to their unsuccessful attempts to reach the UCSC. On the record, the Referee acknowledged that "it was impossible to get through on the phones" to the UCSC in December 2016, due to short staffing and lay-offs. (Notes of Testimony at 7.)

Referee's Decision, and the Board affirmed by Order mailed on November 17, 2017.[5]

On appeal,[6] Claimant primarily challenges the JobGateway registration requirement, arguing that he registered in 2012, that he should have been excused from having to register again, and that registering was a mere formality. Further, Claimant maintains the UCSC did not act with due diligence when it did not respond to his inquiries. Claimant does not directly address the untimeliness of his appeal. In response, the Board asserts that the appeal is indisputably untimely and the only issue to be resolved is whether Claimant is entitled to *nunc pro tunc* relief. The Board argues Claimant did not meet his burden of proving entitlement to *nunc pro tunc* relief, as Claimant's return to work in March was insufficient to excuse his decision not to appeal the Determination at that time. Since Claimant's appeal is untimely, the Board contends that this Court cannot reach the merits, including whether Claimant had already registered or was excused from registering.

Section 401(b)(1) of the Law provides that compensation is payable to an individual who is or becomes unemployed and "[i]s making an active search for suitable employment." 43 P.S. § 801(b)(1). An active search includes "[r]egistration by a claimant for employment search services offered by the Pennsylvania CareerLink system or its successor agency within thirty (30) days after initial application for benefits." 43 P.S. § 801(b)(1)(i). The corresponding regulations state

---

[5] The Board adopted and incorporated the Referee's findings and conclusions with the exception of correcting errors in the dates the Referee used for the mailing of the Determination and the last date by which Claimant could appeal, which did not affect the outcome of the appeal.

[6] In reviewing the Board's decision, our standard of review is limited to determining "whether an error of law was committed, whether constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence." *Dep't of Labor and Indus. v. Unemployment Comp. Bd. of Review*, 131 A.3d 597, 600 n.6 (Pa. Cmwlth. 2016).

in relevant part that **a claimant who does not register "will be ineligible for compensation** for any week that ends more than 30 days after the claimant files his application for benefits unless the claimant registers by Sunday of that week."  34 Pa. Code § 65.11(c) (emphasis added).[7]  Once a determination of ineligibility for benefits is made and notice is sent, a claimant must file an appeal of the determination "within fifteen calendar days after such notice was . . . mailed to his last known post office address" and, if a claimant does not so file an appeal, the determination "shall be final and compensation shall be paid or denied in accordance therewith."  43 P.S. § 821(e).  The Determination was mailed to Claimant on March 28, 2016, which provided notice of the **April 12, 2016 appeal deadline**.  However, Claimant did not file the appeal by that deadline and, thus, the appeal is untimely.

The Board may still consider an untimely appeal if Claimant can meet the "heavy" burden of showing either (1) administrative breakdown or fraud, or (2) non-negligent conduct outside of Claimant's control that caused the delay.  *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).  An administrative breakdown exists when the administrative agency is negligent or unintentionally misleads a party.  *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000).  Administrative breakdowns allowing untimely appeals have been found "in limited circumstances."  *Hessou*, 942 A.2d at 198.  *See, e.g.*, *Dep't of Labor and Indus., Uninsured Employers*

---

[7] There are three statutory exemptions for the registration requirement. 43 P.S. § 801(b)(4)-(6) (when a claimant is in training approved by the Trade Act of 1974, *as amended*, 19 U.S.C. §§ 2101-2497(b); when a claimant is laid off and provided a recall date; and when the department waives the requirements).  We also note that the registration requirement is distinct from weekly work search activity requirements.  While union worker claimants are not an enumerated statutory exception to the registration requirement, the regulations provide an exemption from weekly work search activities for claimants who are members of a union with a hiring hall.  34 Pa. Code § 65.11(f)(1).

5

*Guaranty Fund v. Workers' Comp. Appeal Bd. (Gerretz, Reliable Wagon & Auto Body, Inc.)*, 142 A.3d 148, 155-56 (Pa. Cmwlth. 2016) (noting that administrative breakdown may occur where an adjudicator incorrectly prohibits a party from appealing an order); *C.S. v. Dep't of Pub. Welfare*, 879 A.2d 1274, 1280 (Pa. Cmwlth. 2005) (allowing *nunc pro tunc* relief for administrative breakdown where a petitioner received improper notice as required by statute); *cf. Duhigg v. Unemployment Comp. Bd. of Review*, 181 A.3d 1, 4-5 (Pa. Cmwlth. 2017) (rejecting the assertion of an administrative breakdown where a claimant did not notify the Board of a change in address).

Claimant has not shown that non-negligent conduct outside of his control caused the delay in filing. Additionally, the factual findings are not sufficient to demonstrate an administrative breakdown. While it is unfortunate Claimant was unable to speak with anyone at the UCSC to answer his questions regarding his unpaid benefits, this does not save his claim. Claimant's inability to reach the UCSC over the phone amounted to the "failure to return phone calls," which is typically not enough to warrant *nunc pro tunc* relief. *See Hessou*, 942 A.2d at 200. In any event, the internal administrative issues that occurred at the UCSC in December 2016, were well after the deadline for Claimant to appeal and, thus, cannot be the cause of Claimant's untimely appeal.

Further, as the Referee determined, the fact that Claimant had returned to work and was not in need of UC benefits does not justify his untimely appeal. This Court recently held as much in *Boesch v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 612 C.D. 2016, filed Nov. 3, 2016), slip op. at 7-8.[8] There, we

---

[8] *Boesch*, an unpublished opinion, is cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

stated that "even though [c]laimant may have returned to work, he was on notice" that he would continue to be ineligible for UC benefits until he registered, and his "failure to recognize the full implication that the disqualification would continue did not provide him with the justification to allow his late appeal." *Id.*, slip op. at 8. Because the claimant had filed an untimely appeal and provided no justifiable reason for granting *nunc pro tunc* relief, we had "no jurisdiction to address the merits of the case." *Id.*

Similar to *Boesch*, Claimant was on notice of the Determination disqualifying him from receiving benefits at that time or in the future. In order to prevent this outcome, Claimant could have either (1) appealed the Determination by its deadline to challenge his registration or exemption therefrom, or (2) registered for JobGateway in December 2016, to purge his disqualification for the remainder of that benefit year. He cannot now receive benefits for the weeks in December 2016, in which he was unemployed by way of an appeal of the March 2016 Determination. Therefore, since Claimant "[f]ail[ed] to file an appeal within fifteen days, without an adequate excuse for the late filing," the Referee was correct to determine there was no jurisdiction to address the merits of Claimant's appeal. *Hessou*, 942 A.2d at 198 (citation omitted). Accordingly, we must affirm the Board's Order, which affirmed the Referee's dismissal of the appeal as untimely.

_____

**RENÉE COHN JUBELIRER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles A. Gerber IV,                    :
                Petitioner      :
                            :
             v.                  :      No. 1855 C.D. 2017
                            :
Unemployment Compensation                :
Board of Review,                         :
                Respondent      :

# **O R D E R**

     **NOW**, October 12, 2018, the November 17, 2017 Order of the Unemployment Compensation Board of Review, in the above-captioned case, is **AFFIRMED**.


                                  _____

                                  **RENÉE COHN JUBELIRER,** Judge