Michael P. Jakubowicz,          :
                Petitioner     :
                                   :
               v.              :
                                   :
Unemployment Compensation   :
Board of Review,            :   No. 618 C.D. 2016
                Respondent   :   Submitted: October 21, 2016

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE DAN PELLEGRINI,  Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: January 17, 2017

Michael P. Jakubowicz (Claimant), pro se, petitions this Court for review of the Unemployment Compensation Board of Review's (UCBR) February 22, 2016 order affirming the Referee's decision denying Claimant's appeal as untimely (UCBR Order).  The issue before this Court is whether the UCBR properly dismissed Claimant's appeal.  After review, we vacate the UCBR Order and remand the matter to the UCBR for it to remand to a referee for further proceedings.

Claimant was employed by Purolite, Inc. until May 29, 2015, when he was separated from Employer with severance pay.  On May 31, 2015, Claimant filed for unemployment compensation (UC) benefits under the UC Law (Law).[1]  On June 5, 2015, the Department of Labor and Industry's (Department) Allentown UC Service Center issued a determination that Claimant was financially eligible for UC benefits.  On June 24, 2015, the UC Service Center issued two determinations finding that

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-918.10.

Employer's severance payments were deductible from his UC benefits, and establishing a non-fault overpayment. In telephone conversations with the UC Service Center, Claimant was advised to reopen his UC claim on August 29, 2015.

On July 13, 2015, the UC Service Center issued a determination stating:

Section 401(b)(1)(i) of the [Law[2]] and [Section 65.11(c) of the Department's Regulations,] 34 Pa. Code § 65.11(c)[,] provide that a claimant must register for employment-search services offered by the Pennsylvania CareerLink® system[3] [(CareerLink)] within 30 days after filing the initial application for benefits in order to be eligible for benefits. Because [Claimant] failed to register as required, [Claimant] is ineligible for benefits.

In accordance with Section 401(b)(1)(i) of the [] Law and [Section 65.11(c) of the Department's Regulations], you are disqualified from receiving benefits for the week ending 07/04/2015 and thereafter. **This disqualification will continue to apply until you register**. If you register on Sunday, the last week you are disqualified is the previous week. If you register from Monday through Saturday, the last week you are disqualified is the week in which you register.

Notice of Determination, July 13, 2015 (July 13, 2015 Determination) (emphasis added).

On July 17, 2015, Claimant attempted to register on CareerLink. *See* Original Record (O.R.) Item No. 9, Ex. SC17, Commonwealth Workforce Development System (CWDS) – View Individual Basic Information, Participant

---

[2] 43 P.S. § 801(b)(1)(i).

[3] "Pennsylvania CareerLink® system" is defined as "[t]he system of offices, personnel and resources, including the Commonwealth Workforce Development System or successor electronic resources, through which the Department provides services under the Wagner-Peyser Act (29 U.S.C.[] §§ 49-49l-2) and the Workforce Investment Act of 1998 (29 U.S.C.[] §§ 2801-2945) or similar or successor statutes." 34 Pa. Code § 65.11(a).

Identification (ID) No. 4408933.  However, the record is unclear whether this was Claimant's first attempt to register.[4]

As previously instructed, Claimant reopened his claim on August 29, 2015.  On September 10, 2015, the UC Service Center issued a determination granting Claimant UC benefits beginning with the waiting week ending August 29, 2015 (September 10, 2015 Determination).  Claimant began receiving benefits as of week ending October 11, 2015.

On  December 24, 2015, Claimant filed a Petition for Appeal (Appeal Petition) with the Department seeking benefit payments for the weeks from August

---

[4] Claimant contends that he originally registered with JobGateway.pa.gov on June 29, 2015 and was provided ID No. 4396547.  *See* Claimant's Br. at 4.  Job Gateway is CareerLink's on-line registration system, accessed via JobGateway.pa.gov.  However, there is no record evidence of that registration.  In contrast, Claimant testified at the Referee hearing that "[he] originally registered in July[,]" and "July the 17th was [his] first filing in the system[.]"  O.R. Item No. 12, Notes of Testimony at 4-5.  Despite this testimony, Claimant contends in his brief that, on July 17, 2015, he had problems accessing the system and registered **again**, receiving ID No. 4408933.  *See* Claimant's Br. at 4.  Notwithstanding this conflict, the record appears to establish that Claimant, at the very least, attempted to register by July 17, 2015.  The record contains several printouts from the CWDS.  Exhibit SC17 contains the CareerLink logo, Claimant's participant number, name, address and is entitled "View Individual Basic Information."  O.R. Item No. 9, Individual Basic Information with Attestation & Certification (Basic Information), Ex. SC17.  The document reveals that it was created by CWDS staff on **July 17, 2015** and updated by the "CWDS system" on September 29, 2015.  *Id.*  Exhibit SC18 contains the CareerLink logo, Claimant's participant number, name, address and is titled "View Work Record."  O.R. Item No. 9, Basic Information, Ex. SC18.  The document shows that it was created on September 29, 2015 by Claimant.  *Id.*  Exhibit SC19 is another document entitled "View Work Record" that contains the CareerLink logo, Claimant's participant number, name, and address and indicates it was last updated on October 13, 2015.  O.R. Item No. 9, Basic Information, Ex. SC19.

Notably, after the UCBR dismissed Claimant's appeal, Claimant filed a March 29, 2016 reconsideration request.  Claimant attached thereto a printout entitled "CWDS/JobGateway Activity Summary of Michael P. Jakubowicz, P ID 4408933," which reveals that, on July 17, 2015, Claimant's "User Record Status" was "Enrolled[.]"  O.R. Item No. 16.  It does not appear that this document was offered at the hearing and, thus, we may not consider it herein.  *See Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24 (Pa. Cmwlth. 1995).  However, because we remand this matter for an additional hearing for the reasons explained herein, we note that Claimant may wish to offer that document, which is a printout of the Department's own website, during the hearing on remand.

29, 2015 to October 10, 2015. On December 30, 2015, the UCBR mailed Claimant a Notice of Hearing scheduling a Referee hearing for January 12, 2016 to address the following issues: (1) "[w]hether [Claimant] filed a timely and valid appeal from the initial determination[;]" and, (2) "[w]hether [C]laimant complied with the requirements for active search for suitable employment. . . ." Notice of Hearing, December 30, 2015.

> At the January 12, 2016 Referee hearing, the Referee stated:
>
> This hearing arises as the result of an Appeal filed by the Claimant to the Determination of the Service Center issued on July 13, 2015 which denied benefits to the Claimant for the week ending July 4th, 2015 under Section 401(b)(1)(i) of the Law. The last [day] to file a timely Appeal was July 28th, 2015. The Claimant mailed his Appeal on December 24th, 2015. This hearing is being conducted to consider whether the Claimant filed a valid and timely Appeal from the initial Determination and this is under Section 501(e) of the Law.[5]

O.R. Item No. 12, Notes of Testimony (N.T.) at 1-2. Claimant testified: "The confusion with [the July 13, 2015 Determination] was that at the time of receiving that I was not getting [UC benefits]." N.T. at 3. Claimant explained:

> What happened was when I filed I did receive in the mail [a handbook from the Department]. I did receive then a phone call from [the UC Service Center] telling me that because of my severance pay I was not eligible for . . . [UC benefits], and that I will have to wait until . . . the end of August to reopen my [c]laim. . . . We will talk to you at the end of the [s]ummer when you reopen your [c]laim. Now in that period between May 29th and the end of August, I actually received a letter telling me I have to get online and register with Job Gateway. Even though I wasn't receiving any benefits from Pennsylvania at that point, I went online and created an identification and registered.

---

[5] 43 P.S. § 821(e) (relating to time for appeal).

4

N.T. at 3-4. Thereafter, the following exchange occurred between Claimant and the Referee (R):

> R[:] So then there is a question of filing an [a]ppeal now. If you have already registered and the record indicates that . . .
>
> C[laimant:] But that was the . . . whole premise of this confusion is that so at the end of August 29th I reopened my Claim with [the Department]. That's when they said I can go and I could reopen my [c]laim. But in the interim, I already created an identification on Job Gateway even though I was not collecting any [UC benefits].
>
> R[:] So you finally registered on September 29, 2015.
>
> C[laimant:] No. That's a second identification. **I originally registered in July.** I have two identifications on Job Gateway. This was the problem. So before I even collected any money, anything from [UC], okay, I already had two identifications in Job Gateway and it wasn't until CareerLink in Tannersville and [an employee] had actually, [sic] kind enough to go in and look at both of these profiles and contact Harrisburg and notify Harrisburg [sic] I was indeed in there twice, and they have to take both of these accounts and merge them into one account. Now numerous phone calls that I've made to [the Department] asking where are my benefits . . .
>
> R[:] Sir, that's – please do not go there. . . .
>
> . . . .
>
> R[:] Why did you delay appealing the [July 13, 2015 Decision]?
>
> C[laimant:] July 13th, I was not collecting at that point.
>
> R[:] So even if you were not collecting, you were told that you had to file, right?
>
> C[laimant:] Correct.
>
> R[:] To register?
>
> C[laimant:] **Which I did.**

R[:] When?

C[laimant:] **On July the 17th was my first filing in the system**, and I wasn't even . . . receiving anything from Pennsylvania at that point[,] but I still went online and I created my identity.

R[:] Okay.

C[laimant:] . . . . [T]hey kept on telling me I was not registered. And I was telling them I not only am registered, but I have two identifications.

. . . .

R[:] . . . . Your ID is not sufficient to complete the whole registration process, sir. You're required to go through all the steps before you do that.

C[laimant:] On Job Gateway?

R[:] On Job Gateway.

C[laimant:] **Which I did, which actually gave me an ID at this point.**

R[:] Let me see your Keystone ID Registration Document.

. . . .

R[:] . . . . [Y]ou had to complete the whole process . . . by July 4th. Show me that document that you had registered and the registration process was complete.

C[laimant:] But they told me not to, that – okay. On July 4th, I was not eligible for [UC benefits] and I was told by the Allentown Office . . .

R[:] Okay. So you were not eligible.

C[laimant:] . . . not to go on – they were telling me because of my severance pay . . . that I should reopen my Claim on [August 29th]. When I reopened my Claim on [August 29th] and said well minus the amount of severance given to me against the payments that . . . I would have received from [May 29th] forward, they said well . . . you've got to file a late Appeal for that and I said well I don't understand how I

6

could – why do I have to file the late Appeal. They said well because I wasn't registered on Job Gateway. I went through numerous conversations with Allentown about my identification and being registered and it wasn't until CareerLink physically went in the computer and said there is a major . . . flaw with my system and the [Department's] systems as far as acknowledging you're on here twice, and I have got to get Harrisburg involved to merge these accounts to recognize you as being one person having registered on Job Gateway before you were even given [UC] benefits.

N.T. at 4-6 (emphasis added).

On January 12, 2016, the Referee dismissed Claimant's Appeal Petition (Referee Decision) because "[Claimant] did not provide **any** evidence to prove that he had registered twice. The claim record indicates that [Claimant] registered for the job search services on September 29, 2015."[6] O.R. Item No. 13, Referee Dec. at 2 (emphasis added). Further, the Referee concluded that Claimant's Appeal Petition was late-filed because Claimant did not timely appeal from the July 13, 2015 Determination. Claimant appealed to the UCBR.

On February 22, 2016, the UCBR affirmed the Referee's decision. In its Determination, the UCBR acknowledged that "[t]here was confusion regarding [Claimant's] work registration[,]" but rejected Claimant's appeal because he did not provide a "credible explanation as to why he did not timely appeal the July 13, 2015[] decision." O.R. Item No. 15, UCBR Order at 1. Claimant filed with the UCBR a Reconsideration Request postmarked March 18, 2016.[7] On March 22, 2016, the

---

[6] Notwithstanding the Referee's assertion, Claimant **did** provide evidence of his dual registrations. Claimant **testified** that he registered more than once, he explained in detail the complications that occurred as a result, the steps he took to try to remedy the problem, and he identified the Department employee who assisted him in resolving the issue. His **testimony** was not disputed and was given credence by the UCBR. Thus, it **constituted substantial evidence**. *See, e.g., Pipeline Sys. v. Workers' Comp. Appeal Bd. (Pounds)*, 120 A.3d 397 (Pa. Cmwlth. 2015).

[7] Claimant attached to his Reconsideration Request, what appears to be an internal Department email requesting that Claimant's multiple UC profile ID Nos. 4408933 and 4396547 be combined. As explained in footnote 4, *supra*, we may not consider that document here; however, Claimant may wish to offer this document into evidence at the hearing on remand.

UCBR dismissed the Reconsideration Request as untimely. Claimant appealed to this Court.[8]

Claimant contends that his appeal to the UCBR was timely, and that the UCBR erred in denying him benefits for the period from August 29, 2015 through October 17, 2015. Specifically, Claimant challenges his disqualification from UC benefits resulting from the alleged **improper application** of the July 13, 2015 Determination to his subsequent benefit entitlement.[9] Accordingly, rather than reversal of the July 13, 2015 Determination, Claimant seeks **enforcement** of the September 10, 2015 Determination. After realizing that the benefits at issue herein were not being paid in accordance with the September 10, 2015 Determination, Claimant engaged in several communications with the Department, attempting to discern the reason and to prove that he had properly registered with CareerLink as instructed. Ultimately, Claimant filed the Appeal Petition when he concluded that the Department would not pay UC benefits for the relevant period. Under the circumstances, we hold that the UCBR erred by concluding that Claimant was appealing from the July 13, 2015 Determination and that such appeal was untimely.

---

[8] By March 23, 2016 Notice, this Court preserved March 21, 2016 as the date Claimant filed his appeal based on "communication [received by the Court] indicating [Claimant's] intention to appeal" from the UCBR's February 22, 2016 Determination. March 23, 2016 Notice at 1. Accordingly, Claimant's appeal from the February 22, 2016 Determination was timely as it was filed within 30 days of the UCBR's Determination. *See* Pa.R.A.P. 1512(a)(1).

"Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

[9] Claimant does not argue that he was entitled to UC benefits prior to his alleged July 17, 2015 registration, nor does he challenge the issuance of the July 13, 2015 Determination, since it was issued before his July 17, 2015 registration.

Accordingly, we vacate the UCBR's order, and remand this matter to the UCBR to remand to the Referee for a hearing to determine whether Claimant was properly disqualified from receiving benefits during the period at issue.[10]

---

[10] Moreover, in remanding this matter, we note that in *Department of Labor & Industry v. Unemployment Compensation Board of Review*, 131 A.3d 597 (Pa. Cmwlth. 2016), this Court explained:

> A failure of a claimant to register timely in accordance with Section 401(b)(1)(i) of the Law **is not a *per se* violation that automatically disqualifies a claimant from unemployment compensation**. Section 401(b)(6) of the Law provides that '[t]he [D]epartment may waive or alter the requirements of this subsection in cases or situations with respect to which the secretary finds that compliance with such requirements would be oppressive or which would be inconsistent with the purposes of this act.' 43 P.S. § 801(b)(6). In *Sharpe v. Unemployment Compensation Board of Review* (Pa. Cmwlth.[] No. 431 C.D. 2014, . . . filed October 21, 2014), this Court addressed the Department's ability to waive the registration requirement. We observed as follows:
>
>> During the promulgation of the Department's regulations implementing Section 401(b) [of the Law], a commenter asked whether a 'good cause' standard should be incorporated into the [R]egulations. 43 Pa. B. 4730, 4735 (2013). The Department replied that in most cases where a 'good cause' standard is applied, it is because it is directed by statute and that it would not adopt one on its own initiative. *Id.* However, the Department noted that, 'if a claimant's 'good cause' for noncompliance with the regulation also constitutes a reason why compliance 'would be oppressive or . . . inconsistent with the purposes of' the law, the claimant's circumstances could be addressed under the waiver provision in [S]ection 401(b)(6) of the [L]aw and [the Regulation Section 65.11(f)(6)].' *Id.*
>
> [*Sharpe,* slip op.] at 6-7. In short, where a claimant can show 'good cause' for not registering on time, the Department may waive the time requirement of Section 401(b)(1)(i) of the Law.
>
> The Law does not define 'good cause,' and our Supreme Court has established that it 'must be determined in each case from the facts of

For all of the above reasons, the UCBR's order is vacated and this matter is remanded for further proceedings consistent with this opinion.

_____
ANNE E. COVEY, Judge

---

> that case.' *Barclay White Co. v. Unemployment Comp*[.] *B*[*d.*] *of Review*, . . . 50 A.2d 336, 340 ([Pa.] 1947).  In each case, 'good cause' must be 'so interpreted that the fundamental purpose of the [Law] shall not be destroyed.'  *Id*.  The central purpose of Section 401(b) of the Law is to require claimants to make 'an active search for suitable employment' while collecting benefits.  43 P.S. § 801(b).
>
> . . . .
>
> [T]he [UCBR] has abandoned the *nunc pro tunc* standard for evaluating a waiver of the on-line registration time requirement. Instead, it argues for a more relaxed standard, noting that not every claimant can be expected to be 'computer savvy' and that a single keystroke mistake can fail to effect a registration.  Further, registration cannot be done by letter or by phone call.  The [UCBR] rejects the argument of the Office of UC Benefits in favor of a strict liability standard.  The [UCBR] believes, instead, that a case-by-case examination of 'good cause' is appropriate and consistent with the remedial and humanitarian objectives of the Law, which should not be frustrated 'by slavish adherence to technical and artificial rules.' *Lehr v. Unemployment* Comp[.] *B*[*d.*] *of Review,* . . . 625 A.2d 173, 175 ([Pa. Cmwlth.] 1993) (quoting *Unemployment Comp*[.] *B*[*d.*] *of Review v. Jolliffe,* . . . 379 A.2d 109, 110 ([Pa.] 1977)).
>
> The [UCBR] explains that in on-line registration waiver cases, 'good cause' should be considered in the same way it is used to mitigate willful misconduct. . . .
>
> . . . .
>
> We agree with the [UCBR]'s case-by-case approach to evaluating whether a claimant had good cause for failing to timely register for employment search services under Section 401(b)(1)(i) of the Law, 43 P.S. § 801(b)(1)(i).

*Dep't of Labor & Indus.*, 131 A.3d at 600-02 (emphasis added; footnotes omitted).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael P. Jakubowicz,                      :
                 Petitioner          :
                                 :
          v.                          :
                                 :
Unemployment Compensation    :
Board of Review,                            :      No. 618 C.D. 2016
                 Respondent       :

## O R D E R

AND NOW, this 17th day of January, 2017, the Unemployment Compensation Board of Review's February 22, 2016 order is vacated and the matter is remanded for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge